STATE v. RUDOLPH GLATLY.

(Filed 23 March, 1949.)

**1. Criminal Law § 52b—**

    The charge in this case *is held* to have properly instructed the jury upon the presumption of innocence and placed the burden on the State to prove defendant's guilt beyond a reasonable doubt and to have correctly defined reasonable doubt.

**2. Criminal Law § 53l—**

> The effect of defendant's evidence of good character is not an essential feature of the case, and the court is not required to charge thereon in the absence of a request.

**3. Criminal Law § 78e (1)—**

> An exception to the failure of the court to declare and explain the law arising upon the evidence should point out wherein the charge is deficient.

**4. Criminal Law § 53d—**

> The charge in this case *held* to have correctly instructed the jury as to the essential elements of the offense charged.

APPEAL by defendant from *Nettles, J.,* September Term, 1948, of MITCHELL. No error.

The defendant was charged with operating a motor vehicle on the public highway while under the influence of intoxicating liquor (G.S. 20-138). From judgment on verdict of guilty as charged, the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton, and John R. Jordan, Jr., Member of Staff, for State.*

*Charles Hutchins and W. C. Berry for defendant, appellant.*

DEVIN, J. The defendant's appeal from an adverse result below is based upon exceptions noted to the judge's charge to the jury. It is argued that the court failed to charge that the defendant's guilt must be found beyond a reasonable doubt, and that the court did not apply the law to the facts in evidence, and omitted reference to the effect of the evidence of good character of the defendant. But upon examination of the record we find none of the exceptions noted and brought forward in defendant's appeal can be sustained. The court properly charged the jury that the defendant was presumed to be innocent, and that the burden was upon the State to satisfy the jury by the evidence beyond a reasonable doubt of the guilt of the defendant as charged. The court also defined reasonable doubt substantially as stated in numerous decisions of this Court. *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *S. v. Boswell,* 194 N.C. 260, 139 S.E. 374; *S. v. Griffith,* 185 N.C. 756, 117 S.E. 586; *S. v. Schoolfield,* 184 N.C. 721, 114 S.E. 466. In the absence of request, it was not incumbent upon the trial judge to charge specifically as to the effect of evidence of the good character of the defendant. This was not an essential feature of the case. *S. v. Reddick,* 222 N.C. 520, 23 S.E. 2d 909; *S. v. Merrick,* 171 N.C. 788 (795), 88 S.E. 501. The defendant does not point out wherein the court failed to declare and explain the law arising upon the evidence. *S. v. Thomas,* 226 N.C. 384, 38 S.E.

2d 193. However, we think the case was fairly presented. *S. v. Britt,* 225 N.C. 364, 34 S.E. 2d 408. The jury was properly instructed as to what constitutes driving under the influence of intoxicating liquor in accord with the definition set out in *S. v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688.

In the trial we find

No error.