STATE v. WILLIAM MUNDY.

(Filed 3 November, 1965.)

**1. Criminal Law § 105—**

While the trial court has wide discretion as to the manner in which the case is presented to the jury, it is the duty of the court to explain, without special request therefor, each essential element of the offense charged and to apply the law with respect to each element to the evidence bearing thereon.

**2. Robbery § 5—**

Felonious intent is an essential element of the offense of armed robbery, of an attempt to commit armed robbery, and of common law robbery, and the court must so instruct the jury and define in some sufficient manner the term "felonious intent", the extent of the definition required being dependent upon the evidence in the particular case.

**3. Same—**

In a prosecution for armed robbery, a charge which fails to give any instruction with reference to felonious intent constituting an essential element of the offense must be held for prejudicial error.

APPEAL by defendant from *Houk, J.,* March 8, 1965, Regular Criminal Session of MECKLENBURG.

Criminal action in which the indictment charges armed robbery. Defendant entered plea of not guilty.

The State's evidence tends to establish these facts: In the late afternoon or early evening of 12 December 1963 defendant went to the home of Enos Ingram in the City of Charlotte and knocked at the door. He was carrying a package. A woman and child, relations of Enos, were in the house and answered the door. Defendant told them he had a package for Enos and they invited him in. Once inside he drew a pistol, pointed it at the occupants, and admitted an accomplice. He and his accomplice searched the house, holding the occupants at gun point, and took and carried away money, furs, watches and pistols. Defendant was later apprehended in Washington, D. C., and some of the property was recovered.

Defendant offered no evidence.

The jury found defendant "guilty as charged." A prison sentence of not less than 15 nor more than 20 years was imposed.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*W. B. Nivens and Calvin L. Brown for defendant.*

MOORE, J. Defendant excepts to the judge's charge on the ground that it failed to instruct the jury that a taking of personal prop-

erty with "felonious intent" is an essential element of the offense charged and failed to explain and define "felonious intent." The exception is well taken.

The only instruction given with respect to the law of the case consisted of a reading of the pertinent statute, G.S. 14-87. In giving instructions the court is not required to follow any particular form and has wide discretion as to the manner in which the case is presented to the jury, but it has the duty to explain, without special request therefor, each essential element of the offense and to apply the law with respect to each element to the evidence bearing thereon. 1 Strong: N. C. Index, Criminal Law, §§ 105, 107. Ordinarily the reading of the pertinent statute, without further explanation, is not sufficient.

In applying the law to the evidence and stating what the jury must find in order to render a verdict of guilty, the judge said: ". . . if the State has satisfied you that William Mundy went into that place with a gun, that he pointed this gun in the presence of these, one or more of these individuals, . . . that if he threatened their life, put them in fear of danger, injury or death, that he did take away from that premises, property which has any value, property of value, . . . then it would be your duty to convict him." It will be observed that this instruction does not require a finding that the property was taken with a felonious intent. "Felonious intent" is not mentioned or in any manner explained or defined in any part of the charge.

A taking of personal property with felonious intent is an essential element of the offense of armed robbery, of attempt to commit armed robbery, and of common law robbery. The court must so instruct the jury in every robbery case, and must in some sufficient form explain and define the term "felonious intent." The extent of the definition required depends upon the evidence in the particular case. *State v. Spratt, ante* 524. In some cases, as where the defense is an alibi or the evidence develops no direct issue or contention that the taking was under a bona fide claim of right or was without any intent to steal, "felonious intent" may be simply defined as an "intent to rob" or "intent to steal." *State v. Spratt, supra.* On the other hand, where the evidence raises a direct issue as to the intent and purpose of the taking, a more comprehensive definition is required. *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595; *State v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410.

The instant case is distinguished from the *Spratt* case in that in *Spratt* the court instructed the jury in effect that a taking of property with a felonious intent is an essential element of the offense and

"felonious intent" means an "intent to rob," while in the present case there was no instruction with reference to intent in any manner or form.

An essential element in robbery cases "is a 'felonious taking,' *i.e.*, a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker." *State v. Lawrence, supra; State v. Lunsford, supra.* An instruction to this effect, though not necessarily in these words, is essential in robbery cases.

New trial.