STATE OF NORTH CAROLINA v. ROBERT LEE ARTIS

No. 706SC354

(Filed 15 July 1970)

1. Criminal Law §§ 102, 116— failure of defendant to testify — argument by defense counsel — instructions by court

In this prosecution for common law robbery, the trial court properly refused to allow defendant's attorney to argue to the jury the failure of defendant to testify and properly instructed the jury with respect to defendant's right to elect not to testify and that no unfavorable inference could be drawn from his failure to testify.

2. Criminal Law §§ 114, 117— instructions — prior conviction of prosecuting witness — credibility of defendant

The trial court did not express an opinion on the credibility of the defendant by its instruction that evidence that the prosecuting witness had been previously convicted of a criminal offense was to be considered for the purpose of impeaching the credibility of the witness and that the testimony of each witness was to be given such weight and credibility as the jury might think it should be given.

APPEAL by defendant from *Cohoon, J.,* February 1970 Session of Superior Court of BERTIE County.

Defendant was charged with common law robbery, entered a plea of not guilty, and was found "guilty as charged" by the jury. From judgment entered on the verdict, defendant appealed. He was represented at trial by privately retained counsel. Upon a determination of indigency, defendant was allowed to appeal in *forma pauperis* and the same counsel was appointed to prosecute his appeal.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Staff Attorney Carlos W. Murray, Jr., for the State.*

*A. B. Harrington, Jr., for defendant appellant.*

MORRIS, J.

[1]　Defendant's first assignment of error is directed to the failure of the court to allow his motions for nonsuit. In his brief, defendant candidly concedes that the evidence was sufficient to submit the case to the jury. We agree.

Defendant did not testify at the trial. We quote from the record on appeal:

> "In his argument to the jury, Attorney Harrington, for the defendant Artis, in his address to the jury, proceeded to argue relative to the defendant not taking the stand, at which time the court interrupted and advised him that neither the defendant's attorney nor the State had the right to go into the fact or failure of the defendant to take the stand, and that the court would instruct the jury as to this. Attorney Harrington objected and excepted. EXCEPTION NO. 3."

We are not given the benefit of enlightenment as to what defendant's counsel said or what the court said. In *State v. Bovender*, 233 N.C. 683, 65 S.E. 2d 323 (1951), the right of counsel for defendant to argue to the jury the failure of defendant to testify was discussed at length. There defendant's counsel had stated in his argument that "the law says no man has to take the witness stand." The Court noted that

> "While the mere statement by defendants' counsel that the law says no man has to take the witness stand would seem to be unobjectionable, it is obvious that further comment or explanation might have been violative of the rule established by the decisions of this Court. Furthermore, it was the

duty of the presiding judge by prompt action to prevent infringement of this rule and to require obedience to his ruling, though he should be careful that nothing be said or done which would be calculated unduly to prejudice the defendants. *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705."

In his charge to the jury the court properly instructed the jury with respect to defendant's right to elect not to testify and to rely on what he contended to be the weakness of the State's case and, further, that no unfavorable inference could be drawn from his failure to testify. This assignment of error is overruled.

[2] Defendant's third assignment of error is directed to the charge of the court. The portion of the instructions about which defendant complains has to do with the credibility of witnesses. The evidence was that the *prosecuting witness* had been previously convicted of a criminal offense. The court summarized that evidence and instructed the jury that it was to be considered for the purpose of impeaching the credibility of the witness - as to whether he will tell the truth on the theory that a person who has no prior conviction is more likely to tell the truth than one who has prior convictions, with the further admonition that it is to be considered in the light of the convictions themselves, and the testimony of each witness is to be given such weight and credibility as the jury might think it should be given. Defendant cites no authority for his contention that this portion of the charge suggested an opinion by the court on the credibility of the *defendant.* We fail to see how defendant could have been prejudiced thereby. This assignment of error is overruled.

Defendant's remaining assignments of error are formal and do not require discussion. They are overruled.

No error.

MALLARD, C.J., and GRAHAM, J., concur.