STATE OF NORTH CAROLINA v. ROBERT DANNY (PETE) MILLER
ALIAS ROY SHUMATE

No. 7123SC91

(Filed 24 February 1971)

1. Criminal Law § 113— defense of alibi — substantive feature of case —
   instructions

   The defendant's evidence of alibi is a substantive feature on
   which the court is required to instruct without request.

2. Criminal Law § 113— failure to instruct on alibi

   The trial court's failure to instruct the jury on the defendant's
   defense of alibi was prejudicial error in this prosecution for uttering
   a forged instrument.

APPEAL by defendant from *Seay, Superior Court Judge,*
October 1970 Regular Criminal Session, WILKES County Superior
Court.

Defendant was indicted for forgery and uttering a forged
instrument. Defendant was represented by counsel and entered
a plea of not guilty to each count. The solicitor, before offering
evidence, elected to take a nol pros as to the forgery count, and
the case proceeded to trial on the count of uttering a forged
instrument. The jury returned a verdict of guilty, and from
judgment entered on the verdict, defendant appeals in *forma
pauperis* represented by court-appointed counsel.

*Attorney General Morgan by Staff Attorney Eatman for
the State.*

*Joe O. Brewer and Eric Davis for defendant appellant.*

MORRIS, Judge.

The State's evidence tends to show that sometime prior to
18 October 1969, some 32 checks were stolen from City Body
Shop; that State's Exhibit 1, the check defendant was accused
of uttering was one of those stolen; that the check was made
payable to a Roy or Ray Shumate and bore the purported signa-
ture of Foy Raymer, the owner of City Body Shop; that the
signature was not the signature of Foy Raymer; that Foy
Raymer was not indebted to a Roy or Ray Shumate in the
about of $98.89, the amount of the check, or any other amount;
that Foy Raymer had not authorized anyone to write the check

State v. Miller

or to sign his name; that on a Saturday afternoon approximately 17 October 1969 between two and three o'clock, defendant made some purchase in Belk's Department Store, endorsed the check in the presence of the clerk who was waiting on him, gave it to the clerk who cashed it for him, and from the proceeds of the check, defendant paid for the merchandise and retained the balance of the proceeds; that the check was returned as a forged instrument.

Defendant, his brother, and his mother all testified that defendant was not and could not have been at Belk's store on that Saturday afternoon because he was with one of them at all times on that day from about one o'clock in the afternoon until late at night.

[1] The sole defense on which defendant relied was alibi. He contends on appeal, and this is his primary contention, that the court failed to instruct the jury on the defense of alibi and this constitutes prejudicial error. The assignment of error is well taken.

It is true that the court recapitulated all the evidence for defendant and gave his contentions that he was not and could not have been in Belk's store at the time specified. The court also properly instructed the jury that the State had the burden of proving defendant's guilt beyond a reasonable doubt. However, the court failed to instruct the jury that defendant, who relied on an alibi, did not have the burden of proving it.

[2] The defendant's evidence of an alibi was substantive, and the court was required to instruct on substantive features of the case without request for special instructions. *State v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175 (1962).

This case is strikingly similar to *State v. Spencer, supra,* wherein Parker, J. (later C.J.), set out an approved charge on alibi.

The failure of the court to instruct the jury as to the legal effect of defendant's evidence of alibi is prejudicial error entitling defendant to a

New trial.

Judges BROCK and VAUGHN concur.