STATE OF NORTH CAROLINA v. JOE LEWIS MOORE

No. 7318SC611

(Filed 12 September 1973)

1. **Robbery § 5— armed robbery — intent permanently to deprive owner of property — instructions**

    The trial court in an armed robbery case adequately instructed the jury as to the specific intent with which the property must have been taken where the court instructed the jury that in order to find defendant guilty it must find beyond a reasonable doubt that defendant took the property "knowing that he at the time was not entitled to take the money or the watch and intending at the time to deprive Anderson of the use of his money and watch permanently."

2. **Criminal Law § 113— necessity for instruction on alibi**

    The trial court erred in failing to instruct the jury that the defendant, who relied on an alibi, did not have the burden of proving it, although defendant failed to request such instruction, where defendant's trial occurred prior to 12 July 1973, the date of the opinion of *State v. Hunt,* 283 N.C. 617.

APPEAL by defendant from *Crissman, Judge,* 26 February 1973 Criminal Session of Superior Court held in GUILFORD County.

Defendant was indicted for the armed robbery of one Anderson. He pled not guilty. Anderson testified that defendant,

whom he had previously known, was the person who, assisted by two others, assaulted him on McCulloch Street in Greensboro, N. C., at about 5:15 p.m. on 5 December 1972, threw him down, held a knife to his throat, threatened to cut him, ripped open his pants pocket, took his wallet containing $415.00, and then forced him into a nearby house, where one of defendant's companions went through Anderson's pockets and took his watch. Defendant denied that he had ever taken anything from Anderson or ever held a knife to his throat and testified that he did not know Anderson and had never seen him until 12 December 1972, when he saw Anderson in a patrol car. Defendant testified that on 5 December 1972 he worked all day at his job as a cement finisher for a construction company, that his boss picked him up in the morning, that they worked until about 5:00, and that his boss took him back to his home, which is about a mile from McCulloch Street, where he arrived about 5:30.

The jury found defendant guilty as charged. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Sidney S. Eagles, Jr., for the State.*

*Wallace C. Harrelson, Public Defender for the Eighteenth District, for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns as error that the court failed to instruct the jury adequately as to the specific intent with which the property must have been taken before he could be found guilty of robbery. In this connection the court instructed the jury that in order to find defendant guilty they were required to find from the evidence beyond a reasonable doubt that he took the property "knowing that he at the time was not entitled to take the money or the watch and intending at the time to deprive Anderson of the use of his money and his watch permanently." Under the evidence in this case we find the instruction adequate. "In robbery, as in larceny, the taking of the property must be with the felonious intent *permanently* to deprive the owner of his property." *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194. Under the instruction here given the jury was required to so find before it could find defendant guilty.

[2] Defendant also assigns error to the court's charge to the jury as to his defense of alibi. In this connection the court cor-

rectly recapitulated defendant's evidence and gave his contention that he was not and could not have been on McCulloch Street at the time the State's witness testified the robbery had been committed. The court also properly instructed the jury that they should consider defendant's evidence along with all other evidence in arriving at their verdict and that the State had the burden of proving defendant's guilt beyond a reasonable doubt. However, nowhere in the charge did the court instruct the jury that the defendant, who relied on an alibi, did not have the burden of proving it. In this, defendant suffered prejudicial error. *State v. Miller,* 10 N.C. App. 532, 179 S.E. 2d 1.

It is true that in trials commenced after 12 July 1973, the date of the filing of the opinion of our Supreme Court in *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513, when a defendant offers evidence of alibi the court is not required to instruct the jury as to the legal principles applicable in their consideration of such evidence unless such an instruction is requested by the defendant. However, defendant's trial in the present case occurred prior to the decision in *State v. Hunt,* and his failure to request the correct instruction cannot be held to his prejudice on the present appeal. Moreover, "[w]hen an instruction as to the legal effect of alibi evidence is given, whether by the court of its own motion or in response to request, such statement must be correct." *State v. Hunt, supra.*

For failure of the court to instruct the jury that the defendant, who relied on an alibi, did not have the burden of proving it, defendant is entitled to a

New trial.

Judges BRITT and MORRIS concur.