STATE OF NORTH CAROLINA v. JAMES PERRY POTTER

No. 738SC618

(Filed 27 December 1973)

1. Criminal Law § 29— mental capacity to stand trial

In determining a defendant's capacity to stand trial, the test is whether he has the capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed.

2. Criminal Law § 5— insanity as defense — knowledge of right and wrong

The test of insanity as a defense to an alleged criminal offense is the capacity of the defendant to distinguish between right and wrong at the time of and in respect of the matter under investigation.

3. Criminal Law §§ 5, 29— mental capacity to stand trial — defense of insanity — sufficiency of evidence

The trial court in an armed robbery case did not err in finding defendant competent to stand trial and in failing to grant his motion for nonsuit on the ground of insanity where there was competent and substantial evidence from an expert psychiatrist who treated defendant subsequent to his arrest and from eyewitnesses to the crime that defendant knew the difference between right and wrong at the time of the robbery and that he was competent to stand trial.

4. Criminal Law § 43— photographs — admissibility for illustration

The trial court in an armed robbery prosecution did not err in allowing into evidence five photographs shown by officers to eyewitnesses of the robbery, one of which the witnesses had identified as a photograph of defendant, since a witness may use a photograph to illustrate his testimony and make it more intelligible to the court and jury.

5. Criminal Law § 90— cross-examination of own witness

The trial court did not err in failing to permit defendant to cross-examine a defense witness who gave testimony that was damaging

State v. Potter

to defendant where defendant never requested permission to cross-examine.

**6. Criminal Law § 112— burden of proof — instruction proper**

There is no set formula that must be used in charging on the burden of proof, but the instructions given in this case properly indicated to the jury that the State must prove defendant guilty beyond a reasonable doubt.

**7. Criminal Law § 116— instruction on defendant's failure to testify**

When defendant does not request an instruction on his failure to testify, it is better for the court not to give any charge on this subject, but the giving of an unrequested instruction does not constitute error if it correctly states the law.

**8. Robbery § 5— armed robbery — felonious intent — instruction required**

Though the court in every armed robbery case must instruct the jury on felonious intent, the judge is not required to use the specific words "felonious intent"; he is only required to give a correct description of the state of mind necessary for the crime.

**9. Robbery § 5— armed robbery — sufficiency of instruction on felonious intent**

Trial court's instruction in an armed robbery case that in order to convict defendant they must find that, at the time he took the property of his victims, he "intended to deprive them of its use permanently . . . [and] knew that he was not entitled to take the property" was an accurate description of the "felonious intent" element of armed robbery.

APPEAL by defendant from *Lanier, Judge,* 26 March 1973 Session of Superior Court held in WAYNE County.

Defendant was charged in separate bills of indictment with the armed robbery of Dallas Mike Hall and Jack Horrell on 29 December 1972 while they were working at the Convenient Food Market in Goldsboro. He was arrested in January 1973 and petitioned on 5 February 1973 to be admitted to Cherry Hospital for psychiatric evaluation. The Superior Court granted his petition, and on February 6 he was taken to Cherry Hospital, where he remained until March 27. Shortly after his release, his case was called for trial in the Superior Court of Wayne County. The court held a hearing on the question of his competency to stand trial. At this hearing the only witness was Dr. Eugene V. Maynard, the Regional Director of Forensic Psychiatry at Cherry Hospital, who testified that in his opinion defendant was competent to stand trial. The court found defendant competent and ordered the trial to proceed.

Dallas M. Hall and Jack Horrell were the chief witnesses for the State. They testified that on the night of 29 December 1972, defendant came into the Convenient Food Market and asked for a job. Hall told him that the store did not need any help, and defendant then pulled out a gun and demanded all the money in the cash registers. Hall and Horrell gave him the money from separate registers—which amounted to $265.00. Both Hall and Horrell identified defendant during their testimony as the man who had robbed them.

Among the other witnesses for the State was R. A. Stocks, a Goldsboro policeman who took part in the investigation of the robbery. He testified that he had shown a group of five photographs to Hall and Horrell and they had correctly identified one as a photograph of defendant. The five photographs were admitted into evidence and shown to the members of the jury.

Defendant's father and adoptive sister testified for him, stating that he had been insane at the time of the robbery. Dr. Maynard was also called as a witness for defendant, but testified that in his opinion defendant did know right from wrong at the time of the robbery.

The jury found defendant guilty in each case of armed robbery, and he was sentenced to consecutive prison terms of 20 to 25 years. He has appealed to this Court.

*Attorney General Morgan, by Associate Attorney Norman L. Sloan, for the State.*

*J. Thomas Brown, Jr., for defendant appellant.*

BALEY, Judge.

Defendant asserts as a defense that he was insane at the time of the commission of the crimes charged in the bills of indictment and at the time of trial. He contends that the trial court erred in finding him competent to stand trial, and that it again erred in failing to grant his motion for nonsuit on the ground of insanity.

[1, 2] Incapacity to stand trial and insanity as a defense to a criminal prosecution are two different concepts. Whether a defendant is competent to stand trial depends on his mental condition at the time of trial. " 'In determining a defendant's capacity

State v. Potter

to stand trial, the test is whether he has the capacity to compre-
hend his position, to understand the nature and object of the
proceedings against him, to conduct his defense in a rational
manner, and to cooperate with his counsel to the end that any
available defense may be interposed.'" *State v. Jones,* 278 N.C.
259, 266, 179 S.E. 2d 433, 438; *State v. Propst,* 274 N.C. 62, 70,
161 S.E. 2d 560, 566; *accord, State v. Lewis,* 11 N.C. App. 226,
181 S.E. 2d 163, *cert. denied,* 279 N.C. 350, 182 S.E. 2d 583.
Whether a defendant can be held responsible for his illegal act
depends on his mental condition at the time the act was com-
mitted. "In this state, the test of insanity as a defense to an
alleged criminal offense is the capacity of the defendant to
distinguish between right and wrong at the time of and in
respect of the matter under investigation." *State v. Atkinson,*
275 N.C. 288, 313-14, 167 S.E. 2d 241, 256; *accord, State v.
Humphrey,* 283 N.C. 570, 196 S.E. 2d 516; *State v. Spence,* 271
N. C. 23, 155 S.E. 2d 802, *aff'd mem.,* 392 U.S. 649.

[3]   Dr. Eugene V. Maynard, an expert psychiatrist who treated
defendant at Cherry Hospital, testified about defendant's mental
condition at the hearing on his competency to stand trial, and
again during the trial as a witness for defendant. He stated
that in his opinion defendant had known the difference between
right and wrong at the time of the robbery on 29 December
1972; that when defendant was admitted to Cherry Hospital on
February 6, he was suffering from paranoid schizophrenia, a
psychotic condition, possibly brought on by the shock of being
arrested and jailed; that a drug known as Haldol had been pre-
scribed for defendant at Cherry Hospital; that the drug had
brought about a remission in defendant's psychotic condition;
and that defendant was now competent to stand trial. In addi-
tion to the testimony of Dr. Maynard, Dallas M. Hall and Jack
Horrell, the two eyewitnesses to the crime, testified that defend-
ant did not appear to be insane at the time of the robbery. This
testimony clearly constitutes competent and substantial evi-
dence in support of the trial court's finding that defendant was
competent for trial and its denial of defendant's motion for non-
suit. The court did not err in either of these rulings.

[4]   Defendant objects to several of the court's rulings on the
admission and exclusion of evidence. First, he contends that
the court should not have admitted into evidence the five photo-
graphs shown to Hall and Horrell, one of which they identified
as a photograph of defendant. This contention is without merit.

"A witness may use a . . . photograph . . . to illustrate his testimony and make it more intelligible to the court and jury." 1 Stansbury, N. C. Evidence (Brandis rev.), § 34, at 93-94; *accord, State v. Johnson,* 280 N.C. 281, 185 S.E. 2d 698; *State v. Preston,* 9 N.C. App. 71, 175 S.E. 2d 705.

[5] Defendant also argues that the court erred in failing to permit him to cross-examine Dr. Maynard, who was called as a defense witness but gave testimony that was damaging to defendant. The trial judge may in his discretion allow a party to cross-examine his own witness, *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473; *State v. Vicks,* 223 N.C. 384, 26 S.E. 2d 873, but only upon request. Here defendant never requested permission to cross-examine Dr. Maynard. In any event the opinion of Dr. Maynard and the information and study of defendant upon which it was based were all in the record of his testimony on direct examination.

[6] Several of defendant's exceptions relate to the court's charge to the jury. One of these has to do with the instructions on the burden of proof. There is no set formula that must be used in charging on the burden of proof, and the instructions given in this case clearly indicated to the jury that the State must prove defendant guilty beyond a reasonable doubt and were entirely proper. *State v. Glatly,* 230 N.C. 177, 52 S.E. 2d 277; *State v. Ray,* 209 N.C. 772, 184 S.E. 836.

[7] The court instructed the jury accurately on defendant's failure to testify. *State v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733; *State v. Artis,* 9 N.C. App. 46, 175 S.E. 2d 301. When the defendant does not request an instruction on his failure to testify, it is better for the court not to give any charge on this subject; but the giving of an unrequested instruction does not constitute error, if it correctly states the law. *See State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115, *cert. denied,* 404 U.S. 1023.

Defendant contends that the trial judge summarized Dr. Maynard's testimony too briefly. However, the court's discussion of the evidence given by Dr. Maynard takes up 1½ pages of the record and mentions the most important parts of his testimony. It is not necessary and indeed it would be impossible for the judge to restate everything a witness has said. The court must of necessity give the witness's testimony in a shortened, summarized form. *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829.

[8, 9]   Defendant asserts that the court failed to instruct the jury on "felonious intent," one of the elements of the crime of armed robbery. "An essential element in robbery cases 'is a "felonious taking," *i.e.*, a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker.' " *State v. Mundy*, 265 N.C. 528, 530, 144 S.E. 2d 572, 574. In every armed robbery case the court must instruct the jury on this element of the crime. *Id.* But the judge does not have to use the specific words "felonious intent"; he is only required to give a correct description of the state of mind necessary for the crime. *State v. Spratt*, 265 N.C. 524, 144 S.E. 2d 569. In this case the court instructed the jury that in order to convict defendant, they must find that at the time he took the property of Dallas M. Hall and Jack Horrell, he "intended to deprive them of its use permanently . . . [and] knew that he was not entitled to take the property." This is an accurate description of the "felonious intent" necessary for armed robbery, and it meets the requirements of the *Mundy* and *Spratt* cases.

The court properly instructed the jury on the issue of insanity. *State v. Lamm*, 232 N.C. 402, 61 S.E. 2d 188.

Defendant has received a fair trial free from any prejudicial error.

No error.

Judges PARKER and HEDRICK concur.