STATE OF NORTH CAROLINA v. JAMES DEWEY WEBB

No. 7524SC570

(Filed 5 November 1975)

1. Robbery § 4— armed robbery — victim's life threatened or endangered — sufficiency of evidence

   The State's evidence in an armed robbery prosecution was sufficient for the jury to find that a motel manager's life was endangered or threatened by use of a firearm where the manager testified that defendant pointed a chrome plated gun at her head, told her this was a holdup, and took $1415 in cash and earrings valued at $450 from her.

2. Robbery § 5— armed robbery — instructions — felonious intent

   While the trial court in an armed robbery case must instruct the jury on felonious intent, the court is not required to use the specific words "felonious intent" but is merely obligated to give a correct description of the state of mind necessary for the crime.

3. Robbery § 5— armed robbery — sufficiency of instruction on felonious intent

   The trial court's instruction on the "felonious intent" element of armed robbery was sufficient where the court instructed the jury that in order to convict defendant it must find that, at the time of the taking and carrying away, defendant "intended to rob" the victim and "knew that he was not entitled to take the property."

4. Robbery § 5— armed robbery — failure to submit common law robbery

   Where all the evidence tended to show that defendant was guilty of a completed armed robbery, the trial court did not err in failing to charge the jury as to the lesser included offense of common law robbery.

APPEAL by defendant from *Martin, Judge*. Judgment entered 7 April 1975 in Superior Court, MITCHELL County. Heard in the Court of Appeals 21 October 1975.

Defendant was tried upon an indictment charging armed robbery. The State's evidence tended to establish that the defendant, armed with a chrome plated gun, robbed the Baker Motel and Mrs. Dorothy Greene, the motel manager, of $1415 cash and a set of earrings valued at $450. Defendant offered no evidence and the jury returned a verdict of guilty of robbery with a firearm.

From a judgment imposing a prison sentence, the defendant appealed to this Court.

State v. Webb

*Attorney General Edmisten, by Associate Attorney T. Lawrence Pollard, for the State.*

*Lloyd Hise, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] We disagree with defendant's first assignment of error which is the overruling of his motion for nonsuit. He contends there is insufficient evidence to find that the life of Mrs. Greene was endangered or threatened.

The records show clear evidence of the endangering or threatening a life with the use of a firearm. Mrs. Greene testified that the defendant had a chrome plated gun, about six to eight inches long, and that "[h]e put the gun in my face and said lady this is a holdup. If you don't start screaming and making too much noise I won't hurt you. The gun was laying on my forehead. . . . I started into the living room and he put the gun to my temple and told me to go back and turn the light on back there."

Considered in the light most favorable to the State, the evidence is clearly sufficient to prove that the defendant accomplished the robbery by the use or threatened use of a dangerous weapon and that the property taken had value. *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968) ; *State v. Green,* 2 N.C. App. 170, 162 S.E. 2d 641 (1968).

Defendant next contends that the trial court failed in its charge to properly and adequately define the elements of the crime of robbery with firearms. Defendant argues that the trial court should have further defined and explained what "intending to rob Mrs. Greene" meant in order to fully explain the felonious intent necessary to constitute the crime of robbery.

[2] The felonious intent to take the goods of another and appropriate them to defendant's own use is a necessary element of armed robbery. The trial court is required to give some explanation of felonious intent in its charge, however, the court is not obligated to use the specific words "felonious intent." The trial court is merely obligated to give a correct description of the state of mind necessary to establish the defendant's culpability. *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572 (1965) ; *State v. Spratt,* 265 N.C. 524, 144 S.E. 2d 569 (1965) ; *State v.*

*Potter,* 20 N.C. App. 292, 201 S.E. 2d 205 (1973) ; *State v. Moore,* 19 N.C. App. 368, 198 S.E. 2d 760 (1973).

[3] Considering the entire charge in the instant case the trial judge sufficiently described all of the elements of armed robbery including the necessary felonious intent. The jury was instructed "that at the time of the taking and carrying away the defendant *intended to rob* Mrs. Greene. Fifth, that the defendant *knew that he was not entitled to take the property.*" (Emphasis added.) The trial judge further charged the jury that if "the defendant knowing that he was not entitled to take the property and *intending at that time to rob* Mrs. Greene of the property *permanently*" he should be found guilty. (Emphasis added.) The expression "intent to rob" is a sufficient definition of "felonious intent" as applied to the robbery statute, in the absence of evidence raising an inference of a different intent or purpose. *State v. Spratt, supra.*

[4] Finally, the defendant alleges that the trial court erred in failing to instruct the jury on the lesser included offense of common law robbery. Defendant's argument has no merit. Where all the evidence tends to show that defendant was guilty of a completed armed robbery, the trial court did not err in failing to charge the jury as to the lesser included offense of common law robbery. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971) ; *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834 (1948).

Having considered all the assignments of error we find that the trial was free of prejudicial error.

No error.

Judges BRITT and VAUGHN concur.