STATE OF NORTH CAROLINA v. JAMES HARGROVE

No. 8210SC443

(Filed 21 December 1982)

1. Criminal Law § 75.14— mental capacity to confess or waive rights

The trial court's conclusion that defendant's in-custody statement was admissible in evidence was supported by the court's findings, including findings that the arresting officer was aware that defendant was not very literate, that the officer was particularly careful to advise defendant what his rights were and to assure himself that the defendant fully understood what his rights were, and that defendant signed a waiver of rights form which very carefully explained in ordinary English the nature of the rights being foregone by defendant.

**2. Criminal Law § 116.1— instruction on failure of defendant to testify—neither error nor plain error**

    The trial court's instruction that the jury should not consider defendant's failure to testify "standing alone in your deliberations at all" was neither error nor "plain error" reviewable under Appellate Procedure Rule 2 even though defendant failed to object thereto at the trial. G.S. 15A-1231(b).

APPEAL by defendant from *Bailey, Judge.* Judgment entered 18 November 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 9 November 1982.

Defendant was convicted of the armed robbery of Michael Smith. The State's evidence tended to show that on 6 July 1981, at or about midnight, Michael Smith was travelling on Highway 264 east of Raleigh when his car began to smoke. He pulled into what he thought was a gas station and began to tinker with the engine. Two men, one of whom Smith later identified as the defendant, drove up in a green Pontiac and discussed Smith's car trouble with him. As Smith was bending near the engine, the defendant pointed a handgun in his face, demanded his money, and the other man took his wallet. In addition to Michael Smith's money, the two men took his AM-FM converter and a hawkbill knife. Defendant and the other man fled in the Pontiac and were later apprehended near Zebulon.

Defendant's evidence was conflicting. His first statement to the Sheriff's department was that he was at home asleep at the time of the robbery; that Bruce Wilson came to his house and asked for a ride to Zebulon; and that as they were en route he was stopped by police. The next morning the defendant admitted having been with Wilson during the early morning hours of 7 July; that Wilson suggested robbing someone, but that he refused; that they saw Smith having car trouble, stopped to help (at Wilson's suggestion) and that the next thing the defendant knew, Wilson was robbing Smith. Defendant did not take part in the robbery.

From a verdict of guilty of armed robbery and a fourteen-year active prison sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

BECTON, Judge.

The defendant brings forth ten (10) assignments of error and makes four arguments on appeal. Arguments one, two, and three each concern the propriety of the admission of defendant's statements and will therefore be treated together. Defendant, by his fourth argument, takes exception to a portion of the jury charge.

I

[1] Defendant contends that his custodial statements should not have been admitted because they were coerced and made without a knowing and intelligent waiver of his right against compelled self-incrimination. He argues also that the evidence concerning that contention was in conflict, that the trial court failed to make findings of fact and conclusions of law concerning the alleged coercion, and that the trial court thereby committed reversible error.

The State offered evidence, through the arresting officer's testimony, tending to show that no promises were made or coercive measures employed against defendant. Defendant sought to establish that he had had little education, that he could not read well, and that, while in custody, he signed his statement, without knowledge of what he was signing. Defense counsel also elicited testimony on cross examination that defendant was apparently neither very intelligent nor alert.

The rule concerning the admissibility of custodial confessions is set forth by the North Carolina Supreme Court in *State v. Riddick,* 291 N.C. 399, 408, 230 S.E. 2d 506, 512 (1976):

When the admissibility of an in-custody confession is challenged the trial judge must conduct a *voir dire* to determine whether the requirements of *Miranda* have been met and whether the confession was in fact voluntarily made. . . . If there is a *material* conflict in the evidence on *voir dire* he *must* [make findings of fact to show the basis of his ruling] in order to resolve the conflicts. [Citations omitted.]

The trial court in the case before us made the following pertinent findings of fact to support its conclusion that defendant's motion to suppress his statements was without merit:

That the defendant, Hargrove, was brought to the Wake County Courthouse for questioning and for the purpose of obtaining a warrant for carrying a concealed weapon. That he was *fully advised* of his rights by Deputy Sheriff Holloman, who was aware that the defendant, Hargrove, was semiliterate, and was *particularly careful to advise him what his rights were and to assure himself that the defendant fully understood what his rights were.* That the defendant signed a form which amounts to a waiver, but the word waiver is not used, and on the other hand, *the form very carefully explains in ordinary English what nature of rights are being foregone.* . . . [Emphasis added.]

Because these findings are supported by competent evidence, we hold that they are sufficient to support the trial court's ruling, and that the defendant's custodial statements were properly admitted.

## II

[2]  Defendant's fourth and final argument concerns that portion of the jury charge that purported to explain the significance and use properly accorded a defendant's decision not to testify in his own behalf. He contends, first, that the instruction directed undue attention to that tactical decision; and second, that the trial court, in admonishing the jury not to consider the defendant's absence from the stand "standing alone" suggested that the jury could consider that fact in connection with other evidence.

We must determine whether the assigned error was properly preserved for appellate review. Since the defendant failed to request a jury instruction conference as he was required to do by statute, this assignment of error is not reviewable unless the defendant entered a contemporaneous objection to the challenged portion of the charge, or objected, at the end of the instructions and before the jury returned. N.C. Gen. Stat. § 15A-1231(b) (1978); *State v. Bennett,* --- N.C. App. ---, --- S.E. 2d --- (filed 16 November 1982). The record before us discloses no evidence that defendant raised any objections to the instructions he now challenges at trial; thus, the alleged error was not properly preserved for our attention. Defendant nevertheless contends that the trial court's statement, "You may not consider this fact [defendant's failure to testify] *standing alone* in your deliberations

at all," constituted error so egregious that it rises to the level of plain error, and, as a result, is reviewable under Rule 2 of the Rules of Appellate Procedure.

Although it is the better practice not to give an instruction concerning a defendant's failure to testify unless the defendant requests it, the giving of an unrequested instruction is not error if it correctly states the law. *State v. Potter*, 20 N.C. App. 292, 201 S.E. 2d 205 (1973). The rule is:

> "Any instruction . . . [concerning a defendant's failure to testify] is incomplete and prejudicially erroneous unless it makes clear to the jury that the defendant has the right to offer or to refrain from offering evidence as he sees fit and that his failure to testify should not be considered by the jury as basis for any inference adverse to him. . . ."

*State v. Caron*, 288 N.C. 467, 473, 219 S.E. 2d 68, 72 (1975), *cert. denied* 425 U.S. 971, 48 L.Ed. 2d 794, 96 S.Ct. 2168 (1976). We find that the challenged instruction adequately comports with this rule. The charge constitutes neither error nor "plain error."

We therefore find that defendant's trial contained

No error.

Judges HEDRICK and WEBB concur.