STATE OF NORTH CAROLINA v. CLARENCE H. HOUSAND

No. 825SC717

(Filed 3 May 1983)

**1. Criminal Law § 89.3— State's witness—corroborating statement properly admitted**

    In a prosecution for involuntary manslaughter, the court properly admitted into evidence a prior written statement of a State's witness for the purpose of corroborating her testimony since defendant entered only a general objection to questions regarding the identification of the statement and since portions of these statements were corroborative of her testimony at trial.

**2. Criminal Law § 163— failure to object to charge before jury retired**

    Defendant failed to properly preserve a challenge to the jury instructions where he failed to make an objection to the charge before the jury retired. App. Rule 10(b)(2).

APPEAL by defendant from *Davis, Judge.* Judgment entered 4 March 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 January 1983.

Defendant, Clarence H. Housand, was convicted of involuntary manslaughter on the theory that the defendant acted in a criminally negligent way. The State's evidence tended to show that the victim, Scott Huffman, was leaning over a counter in the kitchen of defendant's apartment, facing the living room couch on

which defendant and Mary Hewett were sitting. Defendant picked up a pistol that he and Huffman had been firing earlier and pointed it toward the kitchen. According to Hewett's testimony on direct examination, defendant held the pistol "like he was aiming at a picture" behind where Huffman was standing. Defendant had his finger on the trigger, but was not pressing it. Huffman said something about pulling the trigger and told defendant "all you can do is shoot me." Defendant said, "No, I would not do that." The gun then discharged and the defendant jumped up and said, "Is he shot?" Huffman died of a gunshot wound to the head. On cross-examination, Hewett testified that it looked like the defendant pointed the gun at Huffman, but that he could have been pointing it at the picture which was to the right of Huffman and well above his head. Hewett further testified that she was not looking at the gun when it discharged and did not know whether the gun hit the floor and fired or whether it went off in the defendant's hand.

Defendant presented no evidence. From the imposition of an eight to ten year sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Harold P. Laing, for defendant appellant.*

JOHNSON, Judge.

[1] The court admitted into evidence a prior written statement of State's witness Hewett for the purpose of corroborating Hewett's trial testimony. Defendant assigns error, contending that the prior written statement was inconsistent with Hewett's trial testimony, and by its admission the State was allowed to impeach its own witness.

In a handwritten statement given to law enforcement officers, Hewett said, among other things, that defendant pointed the gun at Huffman; that she watched him put his finger on the trigger and "squeeze it slow"; and that she looked at Huffman and the gun went off. The trial judge instructed the jury, in his charge, that this evidence was received as corroboration tending to show that Hewett had made a statement consistent with her testimony at trial; that the jury must not consider Hewett's state-

ment as evidence of the truth of what was said because it was not made under oath; and that if the jury believed Hewett's statement was consistent with her trial testimony it could be considered in determining her credibility.

Hewett's statement is competent and admissible if it corroborates her testimony at trial. The admissibility of a prior consistent statement of a witness to corroborate his testimony is a long established rule of evidence in this jurisdiction. *State v. Medley,* 295 N.C. 75, 243 S.E. 2d 374 (1978). We have reviewed Hewett's entire statement and find that portions of it were corroborative of her testimony at trial. Defendant entered only a general objection to questions regarding the identification of the statement, without moving to strike or exclude any portion alleged to be incompetent. Where part of a statement does not corroborate the witness' testimony, the defendant has a duty to call to the trial judge's attention the objectionable part. A broadside objection will not suffice. *Id.; State v. Britt,* 291 N.C. 528, 231 S.E. 2d 644 (1977); *State v. Harris,* 46 N.C. App. 284, 264 S.E. 2d 790 (1980). This assignment of error is, therefore, overruled.

Defendant also assigns error to that part of the court's charge concerning corroborative evidence and to the court's instructions on the defense of accident. We must initially determine whether defendant has properly preserved these assignments of error for appellate review.

[2] This case was tried following the 31 October 1981 amendment to Rule 10(b)(2) of the Rules of Appellate Procedure, which requires, as a prerequisite to assigning error to any portion of the charge, that an objection be made before the jury retires. Defendant did not raise any objection at trial to the instructions he now challenges and there is no indication that he was denied the opportunity, in violation of Rule 10(b)(2), to make an objection out of the hearing or the presence of the jury. We therefore hold that defendant has not properly preserved this assignment of error for our review. *State v. Hargrove,* 60 N.C. App. 174, 298 S.E. 2d 402 (1982); *State v. Thompson,* 59 N.C. App. 425, 297 S.E. 2d 177 (1982). We have, nevertheless, carefully reviewed the charge as a whole, and find no prejudicial error.

No error.

Judges HEDRICK and EAGLES concur.