STATE OF NORTH CAROLINA v. ALICE CLAY

No. 8612SC251

(Filed 5 May 1987)

1. **Constitutional Law § 60; Jury § 7.14— peremptory challenges of blacks — waiver of objection**

    Defendant waived her right to contest the State's use of peremptory challenges to exclude blacks from the jury by failing to object to that action until after the State had presented its evidence.

2. **Criminal Law § 80— records of telephone calls — admissibility of testimony**

    The trial court did not err in permitting a telephone company employee to testify about the contents of the records of calls made on defendant's telephone.

3. **Criminal Law § 116— defendant's failure to testify — unrequested instruction**

    While it is the better practice for the trial court not to instruct on defendant's failure to testify absent a request, the court's unrequested instruction was not prejudicial error where the instruction made it clear that defendant's decision not to testify created no presumption against her and that her silence was not to influence the jury's decision in any manner.

4. **Criminal Law § 114.3— instructions — no statement of opinion**

    The trial court did not improperly imply that defendant was guilty of charges relating to accessory before the fact to various crimes when it instructed that the last four counts in an indictment "refer to the allegation of acting as an accessory before the fact — or rather guilt of those crimes charged as an accessory before the fact."

5. **Criminal Law § 117.1— prior convictions of witnesses — instructions on consideration**

    The trial court did not err in refusing to give defendant's requested instruction that the guilt or conviction of a witness shall not be considered as any evidence of defendant's guilt where the court gave an instruction concerning the consideration of prior convictions on the question of a witness's credibility which complied with the pattern jury instruction and prior appellate decisions.

APPEAL by defendant from *Herring, Judge*. Judgments entered 1 August 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 27 August 1986.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General Charles J. Murray for the State.*

*Edward J. David for defendant appellant.*

COZORT, Judge.

The defendant was charged in proper indictments with several felonies. At the 22 July 1985 Session of Cumberland Superior Court, she was convicted of one count of solicitation to commit first-degree murder, one count of conspiracy to commit first-degree burglary, two counts of conspiracy to commit robbery with a dangerous weapon, one count of conspiracy to assault with a deadly weapon inflicting serious injury, one count of accessory before the fact to first-degree burglary, two counts of accessory before the fact to armed robbery, and one count of accessory before the fact to assault with a deadly weapon inflicting serious injury. The defendant appeals from the Judgment and Commitment orders imposing a lengthy term of imprisonment in the N. C. Department of Correction. The primary argument advanced by defendant on appeal is that "the Assistant District Attorney's use of his peremptory challenges solely on the basis of race to exclude blacks from the jury violated the defendant's rights under the United States Constitution and the North Carolina Constitution . . . ." We hold that the defendant is entitled to no relief on this claim because her objection to the prosecutor's use of the State's peremptory challenges was not timely made. The defendant did not object at the time of the use of the peremptory challenges; rather, the objection came after the State had presented its evidence and rested. We also find no merit to four other assignments of error argued by the defendant, and we thus find no error in the trial below.

[1] We first address the defendant's argument concerning the State's use of its peremptory challenges to exclude blacks from the jury. In *Batson v. Kentucky*, --- U.S. ---, 90 L.Ed. 2d 69, 106 S.Ct. 1712 (1986), the United States Supreme Court held, in an opinion filed 30 April 1986, that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution "forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Id.* at ---, 90 L.Ed. 2d at 83, 106 S.Ct. at 1719. In *State v. Jackson*, 317 N.C. 1, 343 S.E. 2d 814 (1986), a decision filed 3 June 1986, the North Carolina Supreme Court, following precedent from the United States Supreme Court (*e.g.*, *United States v. Johnson*, 457 U.S. 537, 73 L.Ed. 2d 202, 102 S.Ct.

2579 (1982) ), held that "the ruling in *Batson* is not to be applied retroactively. The ruling will only be applicable to those cases where the jury selection took place after the *Batson* decision was rendered." *State v. Jackson*, 317 N.C. at 21, 343 S.E. 2d at 826. On 13 January 1987 the United States Supreme Court reexamined prior rulings and held, in *Griffith v. Kentucky*, --- U.S. ---, 93 L.Ed. 2d 649, 107 S.Ct. 708 (1987), that *Batson* shall be given retroactive application:

> We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.

*Id.* at ---, 93 L.Ed. 2d at 661, 107 S.Ct. at 716. Giving *Batson* the appropriate retroactive application to this case now pending review on direct appeal, we shall examine defendant's argument.

The defendant was tried at the 22 July 1985 Session of Cumberland County Superior Court. The jury was empaneled and the State began its evidence on 24 July 1985. On 26 July 1985, the State rested. On 29 July 1985, the defendant filed a motion to dismiss all charges against her on the ground that the State violated defendant's constitutional rights by systematically excluding five members of the jury of the black race, the same race as the defendant. The trial court declined to consider the motion, informing defendant's counsel that the objection is "deemed waived at this point." At the conclusion of the defendant's evidence, defendant again raised the issue, and the trial court denied defendant's motion. For reasons which follow, we hold the defendant waived her right to argue this issue by failing to timely object to the State's use of its peremptory challenges.

In *Batson*, the Supreme Court stated that the defendant "made a *timely* objection to the prosecutor's removal of all black persons on the venire." *Batson v. Kentucky*, --- U.S. at ---, 90 L.Ed. 2d at 90, 106 S.Ct. at 1725 (emphasis added). Although the *Batson* court did not discuss the issue of timeliness, the court's recitation of the facts of the case shows that the defendant moved to discharge the jury *before it was sworn. Id.* at ---, 90 L.Ed. 2d at 78, 106 S.Ct. at 1715. In *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241 (1969), *death sentence vacated*, 403 U.S. 948,

29 L.Ed. 2d 859, 91 S.Ct. 2283 (1971), the defendant argued, among other things, that the trial court erred by excluding three jurors who refused to take the customary oath. The court held the defendant waived his right to question the composition of the jury, by failing to object at the time of the court's action:

> While the record shows an exception by the defendant to each of these actions of the court, it does not show any objection thereto interposed *at the time*. . . .
>
> ∗ ∗ ∗ ∗
>
> [I]t has been settled in this State since as long ago as *State v. Ward*, 9 N.C. 443, that an irregularity in forming a jury is waived by silence of a party *at the time of the court's action*. . . .
>
> ∗ ∗ ∗ ∗
>
> . . . In any event, the defendant, having the same opportunity as the trial judge to observe these three prospective jurors in the courtroom, did not object to their being excused from the jury until after the verdict was rendered.

*Id.* at 308-10, 167 S.E. 2d at 253-54 (emphasis added).

We find the rules expressed in *Atkinson* applicable to this case. We hold that the defendant herein waived her right to contest the State's use of its peremptory challenges by not objecting to that action until after the State had presented its evidence.

[2]  In her second assignment of error, the defendant contends the trial court erred by permitting testimony from one of the State's witnesses, a representative of Carolina Telephone and Telegraph Company (hereinafter CT&T), about the contents of the records of transactions of the phone of the defendant. We find the assignment of error to be without merit.

Robert Elliott Henry, an employee of CT&T, was called as a State's witness. He testified about how the phone company makes and maintains records of calls made by customers. The State then moved for the admission of copies of records, with parts missing, of the defendant's telephone transactions. The defendant objected and, after a lengthy *voir dire*, the trial court *sustained* the objection. The defendant's exception upon which this argument is

based appears in the transcript at the point where the trial court begins the *voir dire*. Later, the witness was recalled by the State, and the State offered a more complete set of telephone records. The trial court admitted those records, over the objection of the defendant. The defendant took no exception to the admission of the more complete records. Furthermore, the defendant does not argue in her brief that the trial court's admission of the records was erroneous. Instead, the defendant argues that the error occurred when the court allowed Henry to testify about the contents of "a business document . . . without the document being produced or any evidence being introduced explaining the failure to produce the document." In her brief, the defendant refers continuously to "the document in question," without stating whether she is referring to the first document which was not admitted, or the second document, whose admission she does not challenge on appeal. In either event, her argument is obviously predicated on a misconstruction of the facts of the case and is therefore frivolous. The records were admitted, and the witness's testimony about those records was not error.

[3]   Next, the defendant argues that the trial court erred in its instructions to the jury by referring to the defendant's failure to testify. In the record on appeal, the defendant has excepted to this statement by the trial court:

> Now the defendant, Alice Clay, in this case has not herself testified. The law gives every defendant this privilege. This same law also assures a defendant that a decision not to testify will create no presumption against her in any way whatsoever.

> Therefore, her silence is not to influence your decision in any manner or in any way in this case.

In *State v. Chambers*, 52 N.C. App. 713, 280 S.E. 2d 175 (1981), we held that it was not always prejudicial error for the trial court to give an unrequested instruction regarding defendant's failure to testify. "There is no prejudicial error if the instruction 'makes clear to the jury that the defendant has the right to offer or to refrain from offering evidence as he sees fit and that his failure to testify should not be considered by the jury as basis for any inference adverse to him . . . .' (citation omitted)." *Id.* at 717, 280 S.E. 2d at 178. After examining the

language objected to herein, we find it conforms to the rule set forth in *Chambers*, and we hold it did not violate defendant's constitutional rights. We repeat the caveat expressed in *Chambers* "that our finding of no error should not be construed as an endorsement of the instructions." *Id.* at 718, 280 S.E. 2d at 178.

**[4]** In her fourth assignment of error, the defendant claims the trial court erred during its instructions to the jury by giving an instruction which could have misled the jury into believing or inferring that the defendant was guilty of the charges relating to being an accessory before the fact of various crimes. The language to which the defendant complains is:

> Now those are the outstanding charges against the defendant for your consideration. I would call your attention to the fact that in case number 84CRS22629, the multiple count bill of indictment, the first four counts refer to the allegation of the crime of conspiracy, whereas, the last four counts—that is, count five through eight inclusive—refer to the allegation of acting as an accessory before the fact—or rather guilt of the crimes charged as an accessory before the fact.

"[A] charge must be construed 'as a whole in the same connected way in which it was given.' When thus considered, if it 'fairly and correctly presents the law, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate.' (Citations omitted.)" *State v. Tomblin*, 276 N.C. 273, 276, 171 S.E. 2d 901, 903 (1970). Following the rule set forth in *Tomblin*, we find no prejudicial error.

The trial court's statement to which the defendant objects occurred at the beginning of his charge to the jury. It was a part of the judge's opening instructions wherein the court informed the jury of the specific charges against the defendant. The court was reminding the jury that the first four counts of that particular indictment related to various charges of conspiracy, while the last four counts accused the defendant of being guilty as an accessory before the fact to various crimes. Later, when the trial court instructed the jury on each specific count, he correctly instructed on each element the State must prove in order for the jury to find the defendant guilty. On each count, he correctly instructed the jury that if they had a reasonable doubt as to any one or

more of those things the State must prove, it would be their duty to return a verdict of not guilty.

Considering the entire charge, we are convinced the jurors were not misled by the portion of the charge to which the defendant excepts. This assignment of error is not sustained.

[5] Finally, the defendant contends the trial court erred by failing to grant the defendant's request for special jury instructions. In her brief the defendant makes reference to requests on five different issues; however, she makes argument on only one request. The other four are deemed abandoned, and we consider the one argued by defendant.

Defendant filed a written request asking the trial court to instruct the jury:

5. That the guilt or conviction of a witness shall in way [sic] be considered as any evidence of the Defendant's guilt whatsoever.

The trial court instructed the jury on this issue as follows:

There is evidence which tends to show that certain witnesses in this case have been convicted of various crimes. I instruct you, members of the jury, that evidence of the commission of crime has been admitted for one purpose only and that is if, considering the nature of the crime or crimes for which a witness has been convicted, you believe that it has some bearing upon the truthfulness of that witness in giving testimony in this case, then you may consider that fact together with all the other facts and circumstances bearing upon that witness' truthfulness in deciding whether you will believe or disbelieve his or her testimony given at this trial. But except as it may bear upon this decision, this evidence may not be considered by you in your determination of any fact in this case unless it has been shown that a witness has no criminal record, or that his criminal record is relatively insignificant.

Citing no authority, the defendant argues in her brief that the court's instructions "did not adequately emphasize that such evidence shall not be considered as evidence of the defendant's guilt." The defendant's argument has no merit. First, she cites no

authority, and we are aware of none, which requires that the court instruct in the precise language requested by defendant. Second, the instruction given by the trial court is consistent with that found in N.C.P.I. Crim. 105.35 and is consistent with instructions found sufficient by this Court. *See, e.g., State v. Artis,* 9 N.C. App. 46, 175 S.E. 2d 301 (1970).

In summary, in the defendant's trial, we find

No error.

Judges BECTON and JOHNSON concur.