STATE OF NORTH CAROLINA v. VERNON LEE CHAMBERS

No. 8114SC99

(Filed 7 July 1981)

1. Criminal Law § 111.1— informing jury of charge against defendant—propriety of instructions

The trial judge did not violate G.S. 15A-1213 or G.S. 15A-1221(a)(2) by advising the prospective jurors that defendant had been accused in a bill of indictment returned by the grand jury at the July 8, 1980 Session alleging that he broke and entered a certain building and that when he did so he had the intent to commit larceny.

2. Criminal Law § 116.1— instructions on right of defendant to testify

Defendant was not prejudiced by the trial court's unduly repetitious instructions on defendant's right to testify or present evidence or to refrain from testifying or presenting evidence.

3. Criminal Law § 71— shorthand statement of fact

A witness's testimony concerning his work duties "at the time when the breaking and entering started" did not constitute an opinion on the ultimate issue to be decided by the jury, since the use of the term "breaking and entering" was merely a shorthand statement of fact.

4. Criminal Law § 122— failure to admonish jury before overnight recess

Defendant was not prejudiced by the failure of the trial court to admonish the jury pursuant to G.S. 15A-1236 prior to an overnight recess.

5. Criminal Law § 73.2— statements not within hearsay rule

A witness's testimony that another witness called to him and said "someone had broken into the shop" and during the pursuit of defendant he "understood that the defendant was heading" in a certain direction did not constitute inadmissible hearsay, since the first statement was part of the

witness's account of the circumstances surrounding the alleged break-in, and the second statement was a description of the witness's mental state.

**6. Criminal Law § 113.8— misstatement of fact in charge—harmless error**

In a prosecution for breaking and entering a repair shop with intent to commit a felony therein, the trial court's misstatement of fact that when defendant was seen in the shop area "the shop was dark" did not constitute prejudicial error since the issue of whether the shop was dark was not material to the jury's determination as to whether defendant was guilty of feloniously breaking and entering the shop.

**7. Burglary and Unlawful Breakings § 6.4; Criminal Law § 113.4— failure to define "breaking" or "entering"**

The trial court did not err in failing to define the terms "breaking" or "entering" in the absence of a request for special instructions.

**8. Burglary and Unlawful Breakings § 6.4— breaking or entering—instructions—absence of owner's consent**

The trial judge sufficiently charged the jury that in order to be found guilty of breaking or entering a repair shop, defendant must have broken or entered the shop without the owner's consent.

**9. Criminal Law § 114.2— no expression of opinion in statement of evidence and intentions**

In a prosecution for breaking and entering a repair shop with intent to commit larceny therein, the trial court did not express an opinion on the evidence in instructing that there was direct evidence tending to show that defendant had no authority to be in the shop since there was direct evidence that no one had given defendant any authority to be in the shop. Furthermore, the trial court did not express an opinion that it was defendant's intent to steal chain saws from the shop where it was clear that the trial court was stating the State's contention regarding defendant's intent and not his own opinion.

**10. Criminal Law § 112.4— charge on circumstantial evidence**

The trial judge did not err in failing to add the phrase "consistent with innocence" at the end of his charge on circumstantial evidence.

**11. Burglary and Unlawful Breakings § 6.4— breaking or entering—instructions—without consent or wrongfully**

The trial court, in instructing on misdemeanor breaking or entering, did not err in instructing the jury that the breaking or entering must have been without consent or wrongfully.

**12. Burglary and Unlawful Breakings § 6.4— breaking and entering—mere presence of defendant at crime scene—refusal to give instruction**

In a prosecution for felonious breaking or entering, the trial court did not err in refusing to instruct the jury that mere presence of the defendant at or near a location where a crime was allegedly committed, such as the breaking of a door, was insufficient evidence upon which to convict defendant of a crime

where there was substantially more evidence against the defendant than his presence at the scene of the crime.

APPEAL by defendant from *McLelland, Judge*. Judgment entered 4 September 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 27 May 1981.

Defendant was indicted for feloniously breaking and entering a building occupied by Stone Brothers and Byrd Farm Supplies with the intent to commit larceny after a trial by jury, defendant was found guilty and sentenced to an active prison term. From the judgment, defendant appeals.

Evidence presented by the State tends to show that the farm supplies business is located in a large building. The rear of the building is used as a warehouse and contains a repair shop which is enclosed by partitions. The store and warehouse are open to the public until 5:30 p.m.

At about 5:00 p.m. on 21 April 1980, the repair mechanic locked the door to the repair shop. Later, at about 5:10 p.m., another employee noticed the door to the repair shop was partially open and observed defendant sitting down or squatting inside the shop. The second employee summoned the repair mechanic and the manager of the store.

When asked how he got inside the repair shop, defendant replied that he walked in, that he was looking for a chain saw, and inquired whether any were for sale. (The repair shop is used to repair chain saws, and many were in the shop at the time.) Upon investigation, the repair mechanic found the door to the shop had been kicked in and several chain saws had been moved from the rear of the shop to the front.

Defendant left the store, and an employee pursued him on foot. Another employee and the manager pursued in a pickup truck. Defendant entered a taxi, and store employees asked that the taxi driver not carry defendant anywhere. The police arrived and took defendant into custody. Later it was discovered that the sliding dead bolt and jamb of the shop door had been damaged to the extent the door could not be secured. Nothing was missing from the shop.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendant appellant.*

HILL, Judge.

**[1]**  Prior to the selection of the jury, the trial judge advised the prospective jurors as follows:

> [T]he defendant is accused in a bill of indictment returned by the Grand Jury at the July 8, 1980 Session, and in that bill of indictment it is alleged that on 21 April 1980 he broke and entered a building at 700 Washington Street used by Stone Brothers and Byrd Farm Supply as a repair shop; that when he did so he had the intent to steal, commit larceny.

Defendant contends in his first assignment of error that the judge's statement advised the jury that defendant had been indicted by the grand jury and repeated portions of the indictment in clear violation of G.S. 15A-1221(a)(2) and G.S. 15A-1213. We do not agree.

The statutes cited above require that the trial judge briefly inform the prospective jurors of the charge against the defendant. The judge may not read the pleadings to the jury. A cursory comparison of the trial judge's statement to the prospective jurors shows that the judge did not violate G.S. 15A-1213, but instead satisfied its mandate. The judge informed the prospective jurors of the charge against defendant without reading any of the pleadings to them. Defendant's assignment of error is not based on an accurate reading of the record and is overruled.

**[2]**  In his second assignment of error, defendant argues the trial court erred in repeatedly emphasizing to the jury defendant's right to take the stand and testify in his own defense.

The trial judge first mentioned defendant's right in his opening remarks to the jury.

> [T]he State will present evidence. The defendant may present evidence or not as he sees fit. He may, having no burden of proof, if he chooses, rely on what he perceives to be the

weakness of the State's evidence and present no evidence himself. He will have an opportunity to present evidence and may do so if he chooses.

Later during the examination of the jurors by defense counsel, the trial judge stated:

He is himself a competent witness to testify, but he may not be compelled to testify.

Subsequently, in his charge to the jury, the judge said:

He is a competent witness to testify in his own behalf, but as he has no burden of proof, may not be compelled to testify . . .. [H]e has a right to present evidence but may not be compelled to present it.

Defendant concedes the trial judge's comments are correct statements of law, but contends they magnified in the jurors' minds defendant's right to present evidence and to himself testify to such an extent that when defendant did in fact exercise his right *not* to present evidence, his failure to do so could not but have been unfairly emphasized in the minds of the jurors. Defendant contends this over-emphasis constituted prejudicial and constitutional error. We do not agree.

Under G.S. 8-54, the trial judge is not required to instruct the jury that a defendant's failure to testify creates no presumption against him unless defendant requests the instruction. *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974). In fact, it is better *not* to give such an instruction unless defendant requests it. *State v. Barbour*, 278 N.C. 449, 180 S.E. 2d 115 (1971), *cert. denied*, 404 U.S. 1023 (1972). It is not, however, always prejudicial error to give an unrequested instruction regarding defendant's failure to testify or present evidence. *State v. Caron*, 288 N.C. 467, 473, 219 S.E. 2d 68 (1975). There is no prejudicial error if the instruction "makes clear to the jury that the defendant has the right to offer or to refrain from offering evidence as he sees fit and that his failure to testify should not be considered by the jury as basis for any inference adverse to him . . .." *Baxter, supra,* at p. 738-9.

After examining the trial judge's instructions in the instant case, we find them to have conformed with the standard set forth in *Baxter*. Defendant suffered no prejudice or deprivation of his

constitutional rights. We caution, however, that the trial judge was unduly repetitious and emphasize that our finding of no error should not be construed as an endorsement of the instructions. Defendant's second assignment of error is overruled.

[3] In his third assignment of error, defendant contends he was prejudiced by the trial court's allowance into evidence, over objection, of a witness's description of his work duties "at the time when the breaking and entering started." Defendant argues that the witness's statement came at a time when the State had not introduced any evidence of a breaking or entering and constituted an *impermissible statement of opinion on the ultimate issue to be decided by the jury.* We find no error. The witness's use of the term "breaking and entering" was clearly a convenient shorthand term to describe what he was doing at the time defendant was found in the repair shop and was not meant to constitute an opinion on a question of law. *See State v. Goss,* 293 N.C. 147, 154, 235 S.E. 2d 844 (1977). This assignment of error is overruled.

[4] By his fourth assignment of error, defendant claims the trial judge committed error by failing to properly instruct the jury members concerning their duty not to discuss the case among themselves, or with other people, and to insulate themselves from news stories concerning the case.

Trial of this case began on a Wednesday and ended the following day. When the court recessed on Wednesday, the trial judge instructed the jury as follows:

> [M]embers of the jury, don't talk about the case out of court. Mr. Sheriff, announce a recess until 9:30 in the morning. Good evening to you all.

G.S. 15A-1236 imposes an obligation on the trial judge to admonish the jury at appropriate times during the trial that it is their duty not to talk among themselves about the case except in the jury room after their deliberations have begun; not to talk to anyone else, or allow anyone else to talk with them or in their presence about the case; not to form an opinion about the guilt or innocence of the defendant, or express any opinion about the case until they begin their deliberations; to avoid reading, watching, or listening to accounts of the trial; and not to talk during the trial to parties, witnesses, or counsel. Defendant contends the mandate

of G.S. 15A-1236 is clear, and failure by the trial judge to instruct the jury accordingly constitutes reversible error.

The problem has been addressed by this Court in *State v. Turner*, 48 N.C. App. 606, 610, 269 S.E. 2d 270 (1980). Therein Judge Clark, speaking for the Court, said:

> The failure of the trial judge to admonish the jury at an appropriate time in violation of G.S. 15A-1236 does not involve the violation of a constitutional right. Nor do public policy and practical consideration preclude in this case any hearing to determine whether the failure to admonish prejudiced the defendant. It is noted that defendant and his counsel were present in the courtroom when the overnight recess was ordered. If defense counsel was concerned about the failure of the trial judge to admonish the jury, it would have been a simple matter for defense counsel to call to the attention of the judge such failure to admonish. Extending the reversible error *per se* rule to all violations of Chapter 15A of the General Statutes would result in many new trials for mere technical error, a result not intended by the legislature in light of the provisions of G.S. 15A-1443.

We find no merit to defendant's fourth assignment of error. It is overruled.

[5] In his fifth assignment of error, defendant contends the trial court improperly allowed the State, over objection, to elicit improper hearsay testimony from their witness Davis. Specifically, defendant contends it was error to allow two of Davis's statements into evidence. First, Davis testified that another witness, Riggsbee, called to him and said "someone had broken into the shop." Davis later testified that during the pursuit of defendant, he "understood that the defendant was heading [in the direction of Washington Street]."

We find no error in permitting this testimony to remain before the jury. The first statement was not offered for the purpose of proving the truth of the matter stated. Rather, it was part of Davis's account of the circumstances surrounding the alleged break-in. The second statement did not constitute hearsay either. Instead, it was a description of the witness's mental state, a subject upon which he was eminently qualified to testify. Defendant's assignment of error is overruled.

Defendant contends in his sixth assignment of error that the trial court erred in denying his motion to dismiss at the close of the State's evidence and again at the close of all the evidence on the ground that the evidence was insufficient as a matter of law for the case to be submitted to the jury. Considering the evidence in the appropriate light, we find the trial court properly denied the motion. A reasonable inference of defendant's guilt may be drawn from the evidence. This assignment of error is overruled.

Defendant next attacks the trial judge's charge to the jury in several assignments of error. In the first of these assignments, defendant contends the trial judge committed prejudicial error in its recapitulation of the evidence.

[6]  While recapitulating the State's evidence for the jury, the trial judge stated that when defendant was seen in the shop area "the shop was dark." Later the judge stated "that the shop itself was dark when defendant was in it." The defendant, through counsel, called to the attention of the trial judge prior to deliberation by the jury that these were misstatements of fact, not supported by the evidence. Thereafter, the trial judge charged the jury to disregard what the court said in its recapitulation of the evidence if the recollection of the jury differed from that of the court. Defendant contends this was insufficient and the judge was obligated to correct the misstatements after they were called to the attention of the court. *See State v. Barbour*, 295 N.C. 66, 243 S.E. 2d 380 (1978). We do not agree.

There was evidence the warehouse was not lighted, but in any event the issue of whether the area inside the shop area was dark when the doors were closed was not material to the jury's determination that defendant was guilty of feloniously breaking and entering the repair shop with the intent to commit a felony. Error, if any, could not have been prejudicial. Defendant's seventh assignment of error is overruled.

[7]  In the second of his assignments of error relating to the charge, defendant contends the trial judge committed prejudicial error in failing to properly and completely instruct the jury on the elements of felonious breaking or entering.

Defendant first argues that the trial judge failed to fully define what is sufficient to constitute a breaking or an entering.

We do not agree. Defendant contends that instead of merely chargint that in order to find defendant guilty it would first have to find "there was a breaking . . . or an entering . . .," the trial judge should have gone into a discourse regarding just what does constitute a breaking or entering. We find defendant's contention to be untimely. It has long been held that it is not error for the trial judge to fail to define and explain essential elements of the crime charged, in the absence of a request for special instructions, if they are words of common usage and meaning to the general public. *State v. Patton*, 18 N.C. App. 266, 268, 196 S.E. 2d 560 (1973). Unfortunately, the term "break or enter" is becoming all too familiar to the general public. Defendant's argument is without merit.

Defendant next argues that the trial judge failed to fully define the term "larceny." For the reasons stated above, defendant's argument is without merit. Furthermore, after examining the judge's definition, we find it to be entirely adequate.

[8] Finally, defendant argues the trial court failed to instruct the jury that before defendant could be found guilty of the charged offense, either the breaking, or entering, or both, had to be without the actual or implied consent of the owner of the premises. A charge is to be construed contextually as a whole. Isolated errors will not be held prejudicial when the charge as a whole is correct. *State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683, *cert. denied*, 409 U.S. 948 (1972). After examining the charge, we find the trial judge made it clear to the jury that in order to be found guilty, defendant must have broken or entered the shop without the owner's consent. Defendant's eighth assignment of error is overruled.

[9] In the third of his assignments of error relating to the charge, defendant argues the trial judge erred by expressing an opinion that there was direct evidence tending to show defendant was given no authority to be in the shop area, and by further expressing the opinion that it was defendant's intent, at the time he entered the shop, to steal the saws. We do not agree.

In his charge, the trial judge stated, "There is direct evidence tending to show that he entered the shop, or was found in the shop, was given no authority to be in the shop." The record reveals that Joseph Lee Riggsbee, an employee of Stone Brothers

and Byrd, testified, "I had not given Vernon Lee Chambers permission to go back in the shop." Likewise, George Davis, general manager, testified, "Neither I, nor anyone else to my knowledge, gave the defendant permission to go into the repair shop area of the store." This is direct evidence that no one had given the defendant any authority to be in the shop. The judge did not state an impermissible opinion. Neither did the trial judge express an opinion that defendant had the intent to steal the saws. The judge charged: "*The State contends* that you should . . . draw inferences . . . that it was the defendant who broke the door, entered, moved the saws to the door for the purpose of stealing them, *which was his intent,* and that he was caught . . .." (Emphasis added.) As we have already stated, a charge is to be construed contextually. We find it to be abundantly clear that the trial judge was stating the State's contention regarding defendant's intent, not his own opinion. Defendant's ninth assignment is overruled.

[10]   Defendant argues in his fourth assignment of error relating to the charge that the trial judge erred in failing to add the phrase "consistent with innocence" at the end of his charge on circumstantial evidence.

In *State v. Stiwinter*, 211 N.C. 278, 189 S.E. 868 (1937), the court, in addressing circumstantial evidence, stated in part:

> However, the rule is, that when the State relies upon circumstantial evidence for a conviction, the circumstances and evidence must be such as to produce in the minds of the jurors a moral certainty of the defendant's guilt, and exclude any other reasonable hypothesis. Accord: *State v. Miller*, 220 N.C. 660, 18 S.E. 2d 143 (1942).

The trial judge charged on the intensity of the evidence required to convict the defendant on circumstantial evidence, beyond a reasonable doubt, in accordance with *State v. Lowther*, 265 N.C. 315, 144 S.E. 2d 64 (1965). After stating the State's contentions, the trial judge stressed the defendant's contentions, summing them up in part as follows:

> The defendant contends . . . that the evidence does not point unerringly to his guilt and exclude every reasonable hypothesis of innocence.

The charge was adequate, and defendant's tenth assignment of error is overruled.

[11] Defendant argues in his fifth assignment of error relating to the charge that the trial judge erred by incorrectly charging the jury with regard to the offense of misdemeanor breaking or entering.

After reading the pertinent portions of G.S. 14-54(b), the trial judge explained to the jury that non-felonious breaking or entering differed from felonious breaking and entering in that it need not be done with intent to commit larceny or any other felony, but must be wrongful — without any claim of right. Thereafter, the trial judge instructed the jury they must find beyond a reasonable doubt the defendant broke or entered the shop of Stone Brothers without consent or wrongfully. The trial judge used the words of the statute. The charge was free from prejudicial error. *State v. Wade*, 14 N.C. App. 414, 188 S.E. 2d 714, *cert. denied*, 281 N.C. 627 (1972). Defendant's eleventh assignment of error is without merit.

[12] In his sixth assignment of error relating to the charge, defendant argues the trial judge erred by refusing to give a requested jury instruction.

Prior to the court's charge to the jury, the defendant requested in writing that the trial judge charge the jury as follows:

I instruct you that mere presence of the defendant at or near a location where a crime was allegedly committed, such as the breaking of a door, without proof beyond a reasonable doubt that defendant participated in criminal conduct, with a felonious intent, is not sufficient evidence upon which to convict the defendant of a criminal offense.

The trial judge declined to do so.

There was substantially more evidence against the defendant than his presence at the scene of the crime. Admittedly, there was no direct evidence the defendant broke the door lock. He was discovered shortly after the breaking in an area which had been sealed off and secured from use by customers of the store, in an area where the lights were off. Twelve of fifteen chain saws had been moved closer to the door from the rear of the shop.

The defendant was squatting on the floor. He refused to wait for the manager of the store to arrive at the scene, and then ran. There was no evidence that any other persons were present in the shop area. The jury was clearly instructed that the State must prove beyond a reasonable doubt the elements of the offense for which he was convicted. Defendant's contentions were given to the jury.

Although a judge is obligated to give a special instruction requested by a party if it is rendered properly and is correct in all respects, there is no obligation to deliver such an instruction if it is not relevant to the case on trial. We find no prejudice in the refusal by the trial judge to give the special instruction in this case. Defendant's final assignment of error is overruled.

In the trial of the case below, we find

No error.

Judges MARTIN (Robert M.) and CLARK concur.