STATE OF NORTH CAROLINA v. CHRIS LEE RICHARDSON

No. 8214SC227

(Filed 7 December 1982)

1. **Witnesses § 10— modification of subpoenas duces tecum—no violation of right of compulsory process**

In a murder, robbery and assault prosecution in which defendant issued subpoenas *duces tecum* directing officials of two television stations to produce copies of certain videotaped news reports and written transcripts of certain news telecasts, the trial court's modification of the subpoenas to require that only written transcripts be produced and to permit delivery of the transcripts without personal appearances by station officials did not violate defendant's Sixth and Fourteenth Amendment right of compulsory process on the ground that persons named in the subpoenas could have testified to matters beyond the scope of the subpoenaed material since (1) a subpoena *duces tecum* compels production of documents, papers or chattels, (2) the person named in a subpoena *duces tecum* merely authenticates the records produced, and (3) had defendant wished to obtain additional testimony from the station officials, he should have sought issuance of subpoenas *ad testificandum*. G.S. 1A-1, Rule 45(c); G.S. 15A-802.

2. **Criminal Law § 15.1— pretrial publicity—denial of change of venue**

The trial court did not abuse its discretion in the denial of defendant's motion for a change of venue pursuant to G.S. 15A-957 on the ground of pretrial publicity where the various television newscasts, newspaper articles and editorials, and letters to the editor offered by defendant in support of his motion were not inflammatory but accurately reported the circumstances of the case.

3. **Jury § 7.9— denial of challenge of juror for bias**

The trial court did not err in the denial of defendant's challenge for cause of a prospective juror who testified to having avidly followed the case in the media where she also stated that she would decide the case without bias on the basis of evidence presented at trial and the law as explained by the court. Furthermore, defendant failed to preserve his exception to the denial of his challenge for cause when he did not exercise his remaining peremptory challenge.

4. **Criminal Law § 22— arraignment—name not on arraignment calendar**

The trial court did not err in arraigning defendant on 21 September 1981 when his case had not appeared on the arraignment calendar for that week where defendant's name appeared on the 21 September 1981 trial calendar; the matter had appeared on previous arraignment calendars; at a prior hearing on defendant's pretrial motions, the district attorney, with defendant's knowledge and acquiescence, had said he would call the matter for trial at the 21 September 1981 session; the trial court arraigned defendant and continued trial until 28 October 1981; and defendant entered a plea of not guilty and was not tried for a full week following arraignment. G.S. 15A-943(b).

State v. Richardson

**5. Criminal Law § 101— failure to admonish jury at each recess**

Defendant was not prejudiced by failure of the trial court to instruct the jury as completely and fully as required by G.S. 15A-1236 prior to each recess where the court, at least once during the trial, fully admonished the entire jury concerning proper conduct during recesses, and the court did instruct the jury before each recess but merely failed to give detailed instructions on every occasion.

**6. Robbery § 4.3— armed robbery—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for the armed robbery of a victim who threw his duffle bag containing money at defendant in the course of an assault on him by defendant with a stick.

**7. Criminal Law § 117.2— instructions on testimony of interested witnesses**

The trial court's instructions on the scrutiny and consideration to be given the testimony of interested witnesses were proper.

**8. Homicide § 16— competency of statements as dying declarations**

Statements made by deceased were properly admitted as dying declarations pursuant to G.S. 8-51.1 where the trial court determined upon supporting evidence that at the time deceased made the statements he did anticipate his death in that he believed he was dying. It was unnecessary for the court to find further that deceased believed there was no hope of recovery since deceased obviously had such a belief if he believed he was going to die.

Judge HEDRICK concurring in part and dissenting in part.

Judge WEBB concurring.

APPEAL by defendant from *Martin, Judge.* Judgment entered 6 October 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 23 September 1982.

Defendant appeals from the judgment entered on his conviction of second degree murder, armed robbery, and assault with a deadly weapon inflicting serious injury.

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Robert Brown, Jr., for defendant-appellant.*

HILL, Judge.

This matter includes three cases consolidated for trial involving incidents that occurred 12 April 1981 at the Little River in Durham County, North Carolina. In the early afternoon of 12

April 1981, defendant, State's witness Guy Osbahr and their wives went to the Little River for an outing. They chose a site some distance upriver from a group of male sunbathers, some of whom were nude.

In the first case consolidated for trial, defendant was charged with assault with a deadly weapon, inflicting serious injury in violation of G.S. 14-32. The State's evidence tends to show that defendant quarreled with Jerry Michael Penny, apparently over whether the sunbathers should clothe themselves. In the course of the discussion, defendant struck Penny with a stick. Defendant denied having provoked the altercation.

In the second case consolidated for trial, defendant was charged with robbery with a dangerous weapon in violation of G.S. 14-87(a). The State's evidence shows that shortly after his argument with Penny, defendant threatened with a stick and struck Mark Demarias whom defendant believed to be associated with the party of sunbathers, as Demarias was leaving the area. In self-defense, Demarias threw his duffel bag at defendant. Because of defendant's continued threats, however, Demarias was unable to retrieve his bag or the seventeen dollars it contained.

In the final case consolidated for trial, defendant was charged with second degree murder in violation of G.S. 14-17. In a purportedly unprovoked assault, defendant struck Ronald Antonevitch about the head with a stick. Antonevitch, who was with the group of sunbathers, apparently did not retaliate. He was treated at Durham County General Hospital where he also was questioned by two deputy sheriffs. He died three days later of an intracranial hematoma.

The jury found defendant guilty as charged. Defendant assigns as error the trial court's: (1) modification of defendant's subpoena *duces tecum*, (2) denial of defendant's motion for change of venue, (3) refusal to excuse a juror for cause, (4) arraignment of defendant, (5) failure to instruct the jury correctly, (6) denial of defendant's motion to dismiss the armed robbery charge, and (7) admission of hearsay evidence. We find no error.

[1]  On 22 May 1981, defendant filed a motion for a change of venue from Durham County to Vance County. He later issued subpoenas *duces tecum* directing the News and Station Managers of

Raleigh station WRAL-TV and Greensboro station WFMY to produce copies of all videotaped news reports and written transcripts concerning "the alleged assault and killing of Ronald Antonevitch on the Little River on 12 April 1981 and . . . of [the] Public Protest involving homosexual rights since 12 April 1981 . . . ." In response to the State's motion to quash, the court entered an order modifying the subpoenas to require that only written transcripts be produced and to permit delivery of the transcripts without personal appearances by station officials.

Defendant contends this modification constituted a denial of his Sixth and Fourteenth Amendment right of compulsory process to obtain pertinent testimony and evidence. He argues that persons named in the subpoenas could have testified to matters beyond the scope of the subpoenaed material and that written transcripts only dimly reflect the effect of the telecasts. We find defendant's contentions are without merit.

A subpoena *duces tecum* compels production of documents, papers or chattels. *Vaughan v. Broadfoot*, 267 N.C. 691, 149 S.E. 2d 37 (1966); Brandis on North Carolina Evidence (Rev. Ed. 2d) § 17; G.S. 1A-1, Rule 45(c); G.S. 15A-802. The person named in the subpoena *duces tecum* merely authenticates the records produced. *Vaughan v. Broadfoot, id.* Had defendant wished to obtain additional testimony from station officials, he should have sought issuance of subpoenas *ad testificandum* in the time between the 24 July 1981 entry of the modification order and the 25 August 1981 hearing on defendant's motion for change of venue. The court properly modified the subpoenas.

[2] Defendant further contends that denial of his motion for a change of venue pursuant to G.S. 15A-957 violated his constitutional right to due process and was an abuse of judicial discretion. We disagree.

In support of his motion, defendant introduced affidavits of news directors from Raleigh station WRAL-TV and Greensboro station WFMY-TV. He introduced seventeen pertinent newscripts altogether from WRAL-TV, WFMY-TV and WPTF-Raleigh, an affidavit concerning circulation of the Raleigh *News and Observer*, and videotapes of news broadcasts from WTVD-Durham and WPTF-Raleigh. Defendant offered evidence of a public demonstration that described the crime as one motivated by anti-homosex-

ual bias. In addition to evidence of newspaper editorials excoriating violent crime and letters to the editor, defendant introduced results of a survey indicating that 87 percent of the people polled had formed opinions about the crime.

This Court set forth the test of defendant's motion in *State v. McDougald,* 38 N.C. App. 244, 248, 248 S.E. 2d 72, 77-78, *disc. rev. denied,* 296 N.C. 413, 251 S.E. 2d 472 (1979):

> The burden of proof in a hearing on a motion for change of venue is upon the defendant. In order to prevail the defendant must show that there is a reasonable likelihood that the prejudicial publicity complained of will prevent a fair trial. The determination of whether the defendant has met this burden rests within the sound discretion of the trial court. Absent a showing of abuse of discretion, its ruling will not be overturned on appeal. (Citations omitted.)

Nowhere does defendant contend the publicity generated by the crime was inflammatory. Without allegations and proof that the news articles were inflammatory, the trial judge acted within his discretion in denying a change of venue. *State v. Matthews,* 295 N.C. 265, 245 S.E. 2d 727 (1978), *cert. denied,* 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed. 2d 90 (1979). Having examined the pertinent television transcripts and newspaper clippings, we find that none contain incitive statements. As did the Supreme Court in *State v. Matthews,* "[w]e specifically reject as devoid of merit defendant's argument that news coverage which accurately reports the circumstances of the case . . . can be so 'innately conducive to the inciting of local prejudices' as to require a change of venue." *Id.,* at 279, 245 S.E. 2d at 736.

The passage of time cools the blood and permits reason to rule. This, together with the jury selection process, tends to create a climate in which fair trials may be conducted. Although public outrage and misunderstanding arose just after commission of the crime, we find the trial court considered these circumstances and acted within its discretion in denying the motion for change of venue. The assignment is overruled.

[3] Defendant next contends the trial court erred in refusing to excuse a juror whom he challenged for cause. In the alternative, defendant contends the trial court erred in refusing to grant him a seventh peremptory challenge. These contentions are meritless.

When the trial court denied his challenge of a juror for cause, defendant failed to exercise his remaining peremptory challenge. He accepted the juror instead. Defendant therefore failed to preserve his exception to the denial of his challenge for cause. *State v. Allred*, 275 N.C. 554, 169 S.E. 2d 833 (1969). We find, in addition, that the trial court properly exercised its discretion in denying defendant's challenge for cause. Although the juror testified to having avidly followed the case in the media, she also said she would decide the case without bias, based on the evidence presented at trial and the law as explained by the court. *See State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970). This assignment is overruled.

[4] Defendant complains the trial court committed prejudicial error in arraigning him on 21 September 1981 when his case had not appeared on the arraignment calendar for that week. Defendant's contention is meritless.

Defendant's name appeared on the 21 September 1981 trial calendar. When his case was called, defendant announced he wished to be arraigned at a later date. The trial court found the matter had appeared on previous arraignment calendars; and that at a prior hearing on defendant's pretrial motions, the district attorney, with defendant's knowledge and acquiescence, had said he would call the matter for trial at the 21 September 1981 session. The trial court arraigned defendant and continued trial until 28 September 1981. Defendant pleaded not guilty.

We find no prejudicial error. Defendant was in court. He entered his plea. He was not tried for a full week following arraignment. *See* G.S. 15A-943(b).

[5] By his next assignment of error, defendant argues that the trial court failed to instruct the jury as completely and fully as required by G.S. 15A-1236. By this statute, the court must admonish jury members against discussion of the case with nonjurors, or among themselves except in the jury room, and against forming an opinion or receiving outside information about the case. Defendant's trial was long. There were many recesses. The court instructed the jury before each recess but failed to give detailed instructions on every occasion. Nevertheless, we find defendant suffered no prejudice. Failure by the trial court to fully admonish the jury on every occasion does not of itself constitute prejudicial

error. The trial court at least once during the trial fully admonished the entire jury concerning proper conduct during recesses. In any event, defendant must show prejudice, and when counsel for defendant is in the courtroom, he or she must object to any failure to instruct the jury properly. *State v. Chambers*, 52 N.C. App. 713, 280 S.E. 2d 175 (1981). This assignment is overruled.

Regarding assignments of error pertaining to the court's charge to the jury, defendant first argues the trial court failed to fully charge on self-defense. He also claims the trial court failed to charge properly on second degree murder. We find no error. When read in context, the charge of the court is adequate. This assignment is overruled.

[6] By his next assignment of error, defendant urges the trial court erred in refusing to dismiss the charge of armed robbery. We find no error.

The record tends to show that in the course of an assault by defendant, the prosecuting witness, Mark Demarias, threw his duffel bag at defendant. The bag contained seventeen dollars and some personal effects. The witness testified that while no demand for the bag or its contents had been made of him, he voluntarily threw it to fend off further assault. The State's evidence tends to show that when the witness later attempted to retrieve the bag, defendant, still holding his club, taunted: "Come on, you want some more . . . ." Intimidated, the witness never recovered his bag. He returned several days later to find the duffel bag intact but the seventeen dollars missing. There was conflicting evidence about whether defendant or his wife took the money.

G.S. 14-87(a) defines armed robbery as follows:

Any person or persons who, having in possession, or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . shall be guilty of a . . . felony.

Although defendant apparently did not initially intend to commit armed robbery, the evidence was sufficient for a jury to

find that defendant, armed with a club and in possession of the duffel bag, prevented the witness from recovering his property. We find, therefore, sufficient evidence to justify submission of the charge of armed robbery.

[7] Two of the participants in the matter *sub judice* became State's witnesses. The trial court instructed the jury on the credibility of these two witnesses as follows:

> Now you may find that a witness is interested in the outcome of the trial. In determining whether or not to believe such a witness it is entirely proper for you to take the witness's interest into account. If after you have done so you believe the testimony of the witness in whole or in part, then you should treat what you believe the same as any other believable evidence in the case.

> \* \* \* \* \* \* \*

> If you find that either of the witnesses testified in whole or in part for this reason, then you should examine the testimony of each with great care and caution in deciding whether or not to believe him. If after doing so you believe the testimony of the witness in whole or in part, then you should treat what you believe the same as any other believable evidence in the case.

Defendant contends the court committed prejudicial error in submitting the instruction on grounds that it usurped the province of the jury to determine the weight and credibility of the evidence, tended to confuse the jury as to the weight and credibility it could give testimony of witnesses, and tended to keep the jury from finding defendant or his witnesses more believable than some of the State's witnesses. We disagree. The charge is plain. The trial court must instruct that the testimony of an interested party be scrutinized and received with caution, but if the jury finds the testimony worthy of belief, it should be accorded the same weight as would be given other credible testimony. 4 Strong's N.C. Index 3d, Criminal Law § 86, p. 385. The instruction was correct. The assignment is overruled.

[8] In his final assignment, defendant argues that the court erred in admitting as dying declarations statements made by the deceased Ronald Antonevitch. G.S. 8-51.1 allows as an exception

to the hearsay rule admission of statements made by a deceased person, provided the declarant made them voluntarily with conscious awareness of impending death and without hope of recovery.

On the day of the assault, two deputy sheriffs spoke to Antonevitch in the emergency room at Durham County General Hospital where Antonevitch told them repeatedly, "Oh, God, help me, I am dying." He had just received a severe head wound and recently had undergone major heart surgery. On the evening of 12 April 1981, after repeating several times that he was dying, Antonevitch went into a coma and never regained consciousness. He died three days later.

After a *voir dire* regarding Antonevitch's statements, the trial court concluded:

Ronald Antonevitch did at five o'clock p.m. on April 12, 1981, and again at 7:00 o'clock p.m. on April 12, 1981, anticipate his death in that he believed he was dying.

Questioning the sufficiency of this conclusion, defendant claims the trial court must find that, in addition to anticipating his death, Antonevitch believed there was no hope of recovery. Chief Justice Sharp addressed the question in *State v. Stevens*, 295 N.C. 21, 29, 243 S.E. 2d 771, 776 (1978), in which she said for the Court: "Obviously, if one believes he is going to die, he believes there is 'no hope of recovery'." The statements made to the deputy sheriffs were properly admitted as dying declarations.

The defendant received a fair trial, free from prejudicial error.

No error.

Judge HEDRICK concurs in part and dissents in part.

Judge WEBB concurs in the result.

Judge HEDRICK concurring in part and dissenting in part.

I concur in the decision that defendant's trial in the cases charging second degree murder and assault with a deadly weapon

inflicting serious injury was free from prejudicial error; however, I dissent from the decision in the case charging armed robbery, because, in my opinion, the evidence does not support the conviction for armed robbery.

Judge WEBB concurring.

I concur in the result but I do not agree with the majority as to what evidence supported a conviction of armed robbery. The majority reasons that although the defendant did not initially intend to take the duffel bag, the evidence that the defendant, armed with a club, prevented Mr. Demarias from recovering the duffel bag supports a conviction of armed robbery. With this I disagree. I believe the evidence that Mr. Demarias was being assaulted with a deadly weapon at which time he threw his duffel bag toward the defendant and which duffel bag the defendant took into his possession and refused to return a short while later, supports a finding by the jury that at the time the duffel bag changed hands, the defendant intended to deprive Mr. Demarias of this personal property.