MARTIN, Chief Judge.
 

 Defendant Forrest Chappell appeals from judgments imposing consecutive active sentences of imprisonment entered after his conviction by a jury of second-degree kidnaping and felonious assault with a deadly weapon with intent to kill inflicting serious injury. Evidence presented by the State at trial tended to show that defendant moved in with Cynthia Chappell in July 2002. Defendant and Cynthia Chappell were married but had been separated since September 2001. Ms. Chappell told defendant he could stay with her while he was looking for a job, but could not drink alcohol or consume drugs while he stayed with her.
 

 On 19 July 2002, Ms. Chappell went home for lunch and found defendant "very drunk and very beat up" with cuts on his face, headand knees, having had a wreck on his bicycle. Ms. Chappell told defendant to leave her house before she got home from work. Defendant was not at the house when Ms. Chappell got home from work at 5:15 p.m., but rode up on his bicycle between 6:00 and 6:15 p.m. After an argument, Ms. Chappell called 911 and defendant left. Ms. Chappell packed defendant's belongings in a duffle bag, which she left on her front porch before going to sleep on her couch.
 

 Ms. Chappell was awakened during the early morning of 20 July by defendant banging on her door and demanding his belongings. She told defendant "his stuff was on the porch." Defendant then forced his way into the house and began swinging a 2×4 board. Defendant knocked the phone away from Ms. Chappell before she could call 911. Defendant swung the board "like a baseball bat" and struck Ms. Chappell's left heel, injuring her so that she could only hop or crawl when she tried to move. Defendant told Ms. Chappell if she screamed that he would kill her "faster than he intended to." Ms. Chappell tried to escape from defendant by crawling out the front door into the yard, but defendant caught her and pulled her back into the house by her hair. Defendant took Ms. Chappell into the back bedroom of the house, hit her with a telephone and tried to tie her up with the phone's cord. Defendant then forced Ms. Chappell to have sexual intercourse with him.
 

 Defendant told Ms. Chappell to pack some things because they were going on a trip. Ms. Chappell drove, according to defendant's instructions, towards Greensboro. After Ms. Chappell asked defendant to let her stop and get a drink, he directed her to stopat a convenience store, where Ms. Chappell opened the car door, jumped out of the car, hopped inside the store and begged the store clerk to call 911 because her husband was trying to kill her. Defendant pulled Ms. Chappell back to the car and placed her inside on the passenger side. Ms. Chappell again escaped from the car and went back inside the store, asking the clerk to call 911. The police arrived while Ms. Chappell was in the store this second time. Defendant was arrested and Ms. Chappell was transported to a hospital emergency room.
 

 Rober Arledge, a physician's assistant, performed a physical examination of Ms. Chappell on 20 July 2002. He found a forehead laceration, contusions on her chest and arms, abrasions to her knees and feet, a swollen left ankle and a fractured heel. Mr. Arledge found no vaginal contusions or lacerations during the sexual assault examination, although the nurse who assisted with the examination testified Ms. Chappell's vaginal area was tender and slightly red.
 

 At the close of the State's evidence, defendant's motion to dismiss was denied. Defendant did not present any evidence, but renewed his motion to dismiss at the close of all evidence, which was again denied. Defendant was found not guilty of first-degree rape, but guilty of second-degree kidnapping and felonious assault.
 

 Defendant first argues that the trial court erred when it permitted Ms. Chappell to testify regarding prior incidents in which defendant had physically abused her. After hearing voir dire testimony, the trial court permitted Ms. Chappell to testifyconcerning two prior incidents with defendant. In March 2002, defendant injured Ms. Chappell's shoulder during a scuffle, resulting in his conviction for assault on a female in August 2002. Ms. Chappell also testified that defendant verbally abused her and pointed a shotgun at her in the summer of 2001 when she tried to lower the volume of his stereo. After her testimony regarding these incidents was received, the trial court gave a limiting instruction, as follows:
 

 Members of the jury, if you find that testimony about that incident to be credible, you may only consider that with respect to the issue about whether her will had been overcome in the rape charge and the kidnapping charge, and for no other charges. You may not consider it in the assault charge for any purpose. There is going to be testimony, which I have heard out of your presence, about another incident, and the same instruction applies to the testimony about the incident, should you find the testimony to be credible.
 

 Defendant contends the jury must have considered this evidence in relation to the assault charge despite the trial court's limiting instruction. Defendant also argues the probative value of this evidence was outweighed by its prejudicial effect, since the prior events were dissimilar to the facts in evidence and not sufficiently proximate in time.
 

 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person" but may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b). "Rule 404(b) state[s] a clear general rule of
 
 inclusion
 
 of relevantevidence of other crimes, wrongs or acts by a defendant, subject to but
 
 one exception
 
 requiring its exclusion if its
 
 only
 
 probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged."
 
 State v. Coffey,
 

 326 N.C. 268
 
 , 278-79,
 
 389 S.E.2d 48
 
 , 54 (1990),
 
 cert. denied,
 

 421 S.E.2d 360
 
 (1992). "The admissibility of evidence under this rule is guided by two further constraints - similarity and temporal proximity."
 
 State v. Lynch,
 

 334 N.C. 402
 
 , 412,
 
 432 S.E.2d 349
 
 , 354 (1993). "On appeal, defendant must demonstrate that the [404(b)] evidence would not be admissible for any purpose."
 
 State v. McKoy,
 

 317 N.C. 519
 
 , 525,
 
 347 S.E.2d 374
 
 , 378 (1986). Our Supreme Court has held that "evidence of a victim's awareness of prior crimes allegedly committed by the defendant may be admitted to show that the victim's will had been overcome by her fears for her safety where the offense in question requires proof of lack of consent or that the offense was committed against the will of the victim."
 
 State v. Young,
 

 317 N.C. 396
 
 , 413,
 
 346 S.E.2d 626
 
 , 636 (1986).
 

 In the present case, the trial court admitted the challenged testimony solely for the purpose of determining whether Ms. Chappell's will was overcome with regard to the kidnaping and rape charges against defendant, both of which required proof of her lack of consent. Although the previous incidents in the summer of 2001 and March 2002 were not committed in the exact same manner as the alleged assault and rape in this case, enough similarities between the incidents existed so that we are unable to say that the trialcourt erred by admitting this evidence. In all three situations, the defendant threatened Ms. Chappell with great bodily harm or death, was verbally abusive so that she feared defendant, and that fear caused her to react by trying to escape or avoid defendant. The testimony concerning the two incidents was therefore probative of whether Ms. Chappell was afraid of defendant so that her will would be overcome. In addition, we hold that the two events were sufficiently proximate in time to be probative. One of the earlier incidents about which Ms. Chappell testified occurred approximately one year before the events at issue in this case; the other occurred only about four months earlier than the present incident. These events were not so distant in time as to remove all probative value from the evidence of their occurrence.
 

 Defendant's argument that the jury did not follow the trial court's limiting instruction and considered the 404(b) evidence with regard to the assault charge is also unpersuasive. Our appellate courts must assume that the jury follows the instructions the trial court gives it.
 
 See State v. Jennings,
 

 333 N.C. 579
 
 , 618,
 
 430 S.E.2d 188
 
 , 208 (citing
 
 Francis v. Franklin,
 

 471 U.S. 307
 
 , 324 n.9,
 
 85 L. Ed. 2d 344
 
 , 360 n.9 (1985)),
 
 cert. denied,
 

 510 U.S. 1028
 
 ,
 
 126 L. Ed. 2d 602
 
 (1993). Because the trial court adequately instructed the jury that the testimony concerning the prior incidents was to be considered only when determining whether Ms. Chappell's will was overcome during the alleged kidnaping and rape, we must assume that the jury did not erroneously consider thisevidence in regard to the assault charge against defendant. This assignment of error is overruled.
 

 Defendant next assigns error to the trial court's failure to conduct a voir dire examination of a juror after the juror had contact with a potential witness in defendant's trial. At the end of a recess during trial, the following exchange occurred outside the presence of the jury:
 

 THE COURT: Mr. Swanson Chappell, the gentleman in the blue shirt, did you talk to one of the jurors outside?
 

 MR. S. CHAPPELL: We were standing side by side; yes, sir.
 

 BAILIFF: Sir, stand up, please.
 

 THE COURT: And you talked to him?
 

 MR. S. CHAPPELL: Yes, sir. He was asking me about a business plan.
 

 THE COURT: You are a potential witness in this case. I'm sure you heard my instruction to the jurors that you are not to talk to potential witnesses. If I hear of that happening again, you will be in serious trouble with this Court.
 

 MR. S. CHAPPELL: Okay, sir.
 

 After identifying the juror that had the conversation with Swanson Chappell, the jury was returned to the room and the trial court gave a further instruction:
 

 The bailiff has reported to me that one of the jurors had some conversation with the potential witness who is seated behind the defendant in the blue shirt. I instructed you all not to talk to any of these witnesses, and that person was here yesterday, and I mean it. I understand that nothing was talked about this case, so I'm not going to do anything about it. But I am instructing you, it's rarethat it happens, but jurors can be found in contempt of court for disobeying the Court's orders also, and so obey those orders. Do not talk to anybody involved in this case; that is, the lawyers, the defendant, or any of the potential witnesses that have been identified to you. I understand some of them weren't here, but a lot of them are here today. Don't talk about anything.
 

 Defense counsel made no request for a voir dire of the juror; nor any objection to the trial court's handling of this matter. The potential witness, Swanson Chappell, did not testify at defendant's trial. On appeal, defendant contends that the contact between the juror and potential witness constituted plain error that the trial court failed to address adequately with its curative instruction.
 

 The trial court must instruct members of the jury not to talk to witnesses, parties or counsel during the trial. N.C. Gen. Stat. § 15A-1236(a)(5)(2003). However, failure to provide this instruction is not constitutional error.
 
 See State v. Chambers,
 

 52 N.C. App. 713
 
 ,
 
 280 S.E.2d 175
 
 (1981). Plain error has been defined as "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done or . . . where the error is such as to seriously affect the fairness, integrity, or public reputation of judicial proceedings" or error that probably impacted the outcome of the trial.
 
 State v. Odom,
 

 307 N.C. 655
 
 , 660,
 
 300 S.E.2d 375
 
 , 378 (1983)(quoting
 
 United States v. McCaskill,
 

 676 F.2d 995
 
 , 1002 (4th Cir. 1982)). Our Supreme Court has held that plain error review is limited and should not be applied "to issues which fall within the realm of the trial court's discretion[.]"
 
 State v. Steen,
 

 352 N.C. 227
 
 , 256,
 
 536 S.E.2d 1
 
 , 18(2000);
 
 cert. denied,
 

 531 U.S. 1167
 
 ,
 
 148 L. Ed. 2d 997
 
 (2001). A trial court has "no absolute affirmative duty to investigate juror conduct absent reports of prejudicial misconduct. Both the existence of misconduct and the effect of misconduct are determinations within the trial court's discretion."
 
 State v. Marila,
 

 349 N.C. 573
 
 , 599-600,
 
 509 S.E.2d 752
 
 , 767-68 (1998)(citing
 
 State v. Harrington,
 

 335 N.C. 105
 
 , 115-16,
 
 436 S.E.2d 235
 
 , 240-41 (1993)),
 
 cert. denied,
 

 528 U.S. 838
 
 ,
 
 145 L. Ed. 2d 87
 
 (1999). Defendant here failed to object to the trial court's handling of the juror communication issue and preserve it for review for prejudicial error. We do not analyze the issue under the plain error standard of review because it was a matter within the trial court's discretion. Therefore, defendant has waived this assignment of error by failure to object to the trial court's actions.
 

 Finally, defendant contends that the trial court committed reversible error by failing to grant defendant's motion to dismiss for insufficiency of the evidence. Defendant argues the State failed to present evidence of restraint to sustain the kidnaping charge against defendant. We disagree.
 

 "When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied."
 
 State v. Earnhardt,
 

 307 N.C. 62
 
 , 65-66,
 
 296 S.E.2d 649
 
 , 651-52,(1982). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
 
 Earnhardt,
 

 307 N.C. at 66
 
 ,
 
 296 S.E.2d at 652
 
 (quoting
 
 State v. Smith,
 

 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980)). "In ruling on a motion to dismiss the trial court is to consider the evidence in the light most favorable to the State. In so doing, the State is entitled to every reasonable intendment and every reasonable inference to be drawn from the evidence; contradictions and discrepancies do not warrant dismissal of the case - they are for the jury to resolve."
 
 Earnhardt,
 
 307 N.C. at 67,
 
 296 S.E.2d at 652-53
 
 (citations omitted).
 

 Defendant was indicted for three separate offenses: second-degree kidnaping, assault with a deadly weapon with intent to kill inflicting serious injury, and first-degree rape. The jury found defendant to be not guilty of the rape charge, so defendant's arguments regarding the trial court's failure to dismiss that charge are moot.
 

 "The elements of kidnapping are: (1) confinement, restraint, or removal from one place to another; (2) of a person; (3) without the person's consent; (4)for the purpose of facilitating the commission of a felony."
 
 State v. Lucas,
 

 353 N.C. 568
 
 , 582-83,
 
 548 S.E.2d 712
 
 , 722 (2001)(citing
 
 N.C. Gen. Stat. § 14-39
 
 (a)). If the victim is not sexually assaulted nor seriously injured, and is released in a safe place, the kidnaping is of the second degree.
 
 N.C. Gen. Stat. § 14-39
 
 (b)(2003). Restraint has been defined as "restriction by force, threat or fraud with or withoutconfinement."
 
 State v. Washington,
 

 157 N.C. App. 534
 
 , 538,
 
 579 S.E.2d 463
 
 , 465-66 (2003)(citation omitted). Defendant argues that the State did not prove the element of restraint as an act separate from the restraint necessary to show the commission of first-degree rape. Defendant contends that the State violated the prohibition against double jeopardy, by using the same action to constitute an element of two crimes.
 

 According to Ms. Chappell's testimony, taken in the light most favorable to the State, defendant entered her home after awakening her and began to beat her with a 2x4 board, hitting her ankle and rendering her unable to walk or run quickly, thus preventing or increasing the difficulty of her escape. Defendant did not allow Ms. Chappell to leave her home, injuring her with household items such as a telephone cord and a flashlight, in addition to the 2×4 board. Ms. Chappell's restraint in her home provided defendant an opportunity to continue to assault her for several hours, until defendant forced Ms. Chappell to drive to a store where she escaped. Defendant's double jeopardy argument does not prevail because the restraint element of the kidnapping charge is not one of the elements of assault. In addition, the State presented ample evidence from which the jury could find a restraint separate and apart from that restraint necessary to complete the rape with which defendant was charged. Viewing the evidence in the light most favorable to the State, sufficient evidence exists to support the second-degree kidnaping charge. Defendant also presents several arguments regarding the inconsistency of the jury charge with the wording of the indictment in relation to the kidnaping charge. Defendant failed to object to the jury instruction at trial and did not except to the instructions in his assignments of error. Therefore, these arguments are deemed waived on appeal.
 

 The elements of the crime of assault with a deadly weapon with intent to kill inflicting serious injury are (1) an assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (5) not resulting in death.
 
 State v. Reid,
 

 335 N.C. 647
 
 , 654,
 
 440 S.E.2d 776
 
 , 780 (1994);
 
 see
 

 N.C. Gen. Stat. § 14-32
 
 (a)(2003). Defendant argues that the physical evidence does not support Ms. Chappell's testimony about the intensity with which she was injured. Specifically, defendant contends that no physical evidence supported Ms. Chappell's testimony that she was choked with a phone cord or hit in the head with the 2x4 board. However, defendant's arguments are merely examples of possible conflicts within Ms. Chappell's testimony and other evidence presented at trial. It is not this Court's duty to weigh the conflicting evidence; instead, we must review the cause to determine whether substantial evidence of each element of the crime exists when the evidence is viewed in the light most favorable to the State. Here, resolving the conflicts in the evidence to the benefit of the State, there is sufficient evidence to sustain the trial court's denial of defendant's motion to dismiss the assault charge. As a result, this assignment of error is overruled. For the reasons stated, we hold that defendant received a fair trial, free from prejudicial error.
 

 No error.
 

 Judges TIMMONS-GOODSON and HUNTER concur.
 

 Report per Rule 30(e).