STATE OF NORTH CAROLINA v. PATRICK LEE WHITLEY

No. COA10-1283

(Filed 19 July 2011)

### 1. Appeal and Error— preservation of issues—failure to make motion to dismiss at end of evidence

The issue of whether the trial court erred by not dismissing a charge for insufficient evidence was not addressed on appeal where defendant did not make a motion to dismiss at the close of all the evidence.

### 2. Evidence— prior inconsistent statements—not prejudicial

Defendant's argument that introduction of a prior inconsistent statement was prejudicial was overruled. There was no possibility of a different result without testimony about a witness's previous statement.

### 3. Burglary and Unlawful Breaking or Entering— attempted— instructions—failure to define larceny

Following precedent, there was no error where the trial court failed to define "larceny" in the instructions in an attempted breaking or entering prosecution.

Appeal by defendant from judgment entered on or about 14 May 2010 by Judge Robert F. Johnson in Superior Court, Durham County. Heard in the Court of Appeals on 24 March 2011.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Mary S. Mercer, for the State.*

*Bryan Gates, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his conviction for attempted felonious breaking or entering. For the following reasons, we find no error.

### I. Background

The State's evidence tended to show that around 11:00 a.m. on 30 September 2009, Ms. Ana Lopez was in her home when she heard a noise coming from her bedroom window. Ms. Lopez looked out of the window and saw a black man wearing a black shirt and jeans with a white cloth on his head and "puffs[] or pigtails." Ms. Lopez hit the

wall or window to scare the man outside, and he ran away. Ms. Lopez called the police.

Deputy Wesley Brown of the Durham County Sheriff's Office and Officer James Muehlbach of the City of Durham Police Department responded to Ms. Lopez's call; Ms. Lopez described the suspect as a black male wearing a black shirt, jeans, and a "do-rag" with "two puffy ponytails." Officer Muehlbach recognized the description as similar to that of defendant, with whom he had previously interacted. Deputy Brown went to Ms. Lopez's residence. Officer Muehlbach proceeded to defendant's residence. Officer Muehlbach found defendant at his home wearing jeans and a white shirt with "two big puffy ponytails[.]" Officer Muehlbach searched defendant and found a white do-rag and latex gloves in defendant's pocket. Ms. Lopez identified defendant as the man outside her window.

Defendant was indicted for attempted felonious breaking or entering, attempted larceny after breaking or entering, and obtaining the status of habitual felon. The trial court dismissed the charge of attempted larceny after breaking or entering. The jury found defendant guilty of attempted felonious breaking or entering. Defendant pled guilty to obtaining the status of habitual felon. Defendant was determined to have a prior record level of VI and was sentenced for both convictions to 113 to 145 months imprisonment. Defendant appeals.

## II. Motion to Dismiss

[1] Defendant first argues that the trial court failed to grant his motion to dismiss based upon insufficiency of the evidence. However, defendant failed to make a motion to dismiss at the close of all of the evidence, and as such we will not address this issue. *State v. Richardson*, 341 N.C. 658, 677, 462 S.E.2d 492, 504 (1995) ("Rule 10(b)(3) provides that a defendant who fails to make a motion to dismiss at the close of all the evidence may not attack on appeal the sufficiency of the evidence at trial."). This argument is overruled.

## III. Prior Inconsistent Statement

[2] During defendant's trial, Mr. Leslie Griffin testified that on the morning of 30 September 2009, he saw defendant walking in defendant's neighborhood, Bunn Terrace, with another man. Officer Muehlbach then testified Mr. Griffin had previously told him that he saw defendant in his own neighborhood; however, Mr. Griffin did not mention the other man. Defendant objected to Officer Muelbach's testimony, but this was overruled. Defendant contends that the intro-

duction of Mr. Griffin's prior inconsistent statement was prejudicial because it undermined defendant's alibi. We disagree.

The State presented evidence that Ms. Lopez saw defendant outside of her window unit air conditioner attempting to break into her home. Both Mr. Griffin and Officer Muehlbach testified that Mr. Griffin had seen defendant in his own neighborhood on 30 September 2009. We do not conclude that without Officer Muehlbach's testimony regarding Mr. Griffin's previous statement, "there is a reasonable possibility that a different result would have been reached" in light of Ms. Lopez's eyewitness testimony. *State v. Hurst*, 127 N.C. App. 54, 61, 487 S.E.2d 846, 852 ("[T]o obtain reversal based on any error in the trial court's ruling, the defendant must show prejudicial error. The test for prejudicial error is whether there is a reasonable possibility that a different result would have been reached at trial had the error not been committed." (citation and quotation marks omitted)), *disc. review denied and appeal dismissed*, 347 N.C. 406, 494 S.E.2d 427 (1997), *cert denied*, 523 U.S. 1031, 140 L. Ed. 2d 486 (1998). As defendant has failed to show the prejudicial effect of Officer Muehlbach's testimony regarding what Mr. Griffin had previously said, we overrule this argument.

### IV. Jury Instructions

**[3]** Lastly, defendant contends that the trial court erred in failing to define the term "larceny" for the jury. However, this Court has previously determined that "larceny" is a word of "common usage and meaning to the general public[,]" and thus it is not error for the trial court to not define it in the jury instructions. *State v. Chambers*, 52 N.C. App. 713, 721, 280 S.E.2d 175, 180 (1981). While we disagree that the legal term "larceny" is commonly understood by the general public, we are bound by precedent; *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and thus this issue is overruled.

### V. Conclusion

For the forgoing reasons, we find no error.

NO ERROR.

Judges HUNTER, JR., Robert N. and THIGPEN concur.