State v. Watts

Reverse.

Judge VAUGHN concurs in result.

Chief Judge BROCK dissents.

STATE OF NORTH CAROLINA v. ROLAND WATTS, JR.

No. 7610SC522

(Filed 17 November 1976)

**Shoplifting— concealment of merchandise — sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury in a prosecution for unlawful concealment of merchandise where the assistant manager of a store testified that he saw defendant place a box containing a chain saw into a larger box, notwithstanding the witness also testified that from an "observation tower" he could see part of the chain saw through a three to four inch crack in the larger box.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 17 February 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 9 November 1976.

The defendant was charged with unlawful concealment of merchandise in violation of G.S. 14-72.1. He pled not guilty and was found guilty by a jury. From a judgment imposing imprisonment, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for the State.*

*DeMent, Redwine, Yeargan & Askew, by Garland L. Askew, for defendant.*

MARTIN, Judge.

Defendant contends in his only assignment of error that the court erred in refusing to allow his motion for nonsuit.

In *State v. Hales,* 256 N.C. 27, 33, 122 S.E. 2d 768, 773 (1961), the court set forth the four essential elements of the offense created by G.S. 14-72.1 as follows:

"Whoever, one, without authority, two, willfully conceals the goods or merchandise of any store, three, not thereto-

fore purchased by such person, four, while still upon the premises of the store, shall be guilty of a misdemeanor."

The court further stated:

" 'Willfully conceals' as used in the statute means that the concealing is done under the circumstances set forth in the statute voluntarily, intentionally, purposely and deliberately, indicating a purpose to do it without authority, and in violation of law, and this is an essential element of the statutory offense of shoplifting." (Citations omitted.) *State v. Hales, supra.*

In the instant case, the assistant manager of the store testified that he saw the defendant place a red and white chain saw box into a larger box, and that from an "observation tower" he could see part of a chain saw box through a three to four inch crack in the larger box. The appellant argues that because the evidence shows that the chain saw box was partially visible, the defendant attempted, but did not succeed in concealment. Therefore, he claims that nonsuit should have been granted.

The assistant manager became aware that there was a chain saw within the large box because he saw the defendant actually place the chain saw box inside the larger box. He would not have been aware of the chain saw otherwise.

Further, the assistant manager was only able to see through the crack in the larger box from a tall perch which he called an observation tower. This overhead view gave him an opportunity to see into the box that he would not have had otherwise. Complete concealment from any person on ground level was certainly well within the realm of possibility and a proper inference for the jury to make.

It is well settled in this State that upon a motion for a nonsuit in a criminal case

" . . . the trial judge is required to take the evidence for the State as true, to give to the State the benefit of every reasonable inference to be drawn therefrom and to resolve in the favor of the State all conflicts, if any, therein." (Citations omitted.) *State v. Edwards,* 286 N.C. 140, 145, 209 S.E. 2d 789, 792 (1974).

It has also been stated that "[c]ontradictions and discrepancies, even in the State's evidence, are matters for the jury and do not

warrant nonsuit." (Citation omitted.) *State v. Bolin,* 281 N.C. 415, 424, 189 S.E. 2d 235, 241 (1972). Moreover, if when so considered there is substantial evidence, whether direct, circumstantial, or both, of all material elements of the offense charged, then the motion for nonsuit must be denied and it is for the jury to determine whether the evidence establishes guilt beyond a reasonable doubt. See *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431 (1956).

Considering all the evidence in the instant case in the light most favorable to the State, as we are therefore required to do, we think the facts here disclosed constituted ample evidence to support the trial judge's denial of defendant's motion for nonsuit and that the evidence was sufficient to require submission of the case to the jury.

Defendant had a fair trial free of prejudicial error.

No error.

Judges BRITT and VAUGHN concur.