State v. Daye

---

STATE OF NORTH CAROLINA v. VANESSA ANGELENE DAYE

No. 8615SC487

(Filed 2 December 1986)

**1. Criminal Law § 71— concealing merchandise—shorthand statement admissible**

The trial court did not err in a prosecution for willfully concealing merchandise by allowing a witness to characterize defendant's activities in the store as "concealing" merchandise where the term "concealed" was used merely as a shorthand description of defendant's actions. N.C.G.S. § 8C-1, Rule 701.

**2. Shoplifting § 1— willful concealment—evidence sufficient**

The trial court correctly denied defendant's motion to dismiss a charge of *willfully concealing merchandise where, although there was contradictory evidence, there was testimony that defendant had taken three shirts from their hangers; rolled them up; placed them in her pocketbook, which was on the floor; and pulled them from the handbag when confronted.*

**3. Criminal Law § 116— failure of defendant to testify—corrected instruction—no prejudice**

Defendant in a wilful concealment case failed to show prejudicial error in the trial judge's corrected instruction on her decision not to testify. N.C.G.S. § 15A-1443(a) (1983).

APPEAL by defendant from *McLelland, Judge.* Judgment entered 20 February 1986 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 13 October 1986.

Defendant Vanessa Angelene Daye was convicted of one count of willfully concealing merchandise belonging to Maxway and received a six months active sentence. From this conviction, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Augusta B. Turner, for the State.*

*Jacobs & Livesay, by William L. Livesay, for defendant appellant.*

ORR, Judge.

There are three issues in this case: (1) Whether the trial court committed reversible error by overruling defendant's objections and motions to strike testimony that defendant "concealed" items in the store; (2) Whether the evidence presented at trial was sufficient to deny defendant's motion to dismiss; and (3) Whether the trial court committed reversible error by giving additional instructions on defendant's decision not to testify. We find no error, and therefore, affirm the decision of the court below.

Defendant was charged and tried under N.C. Gen. Stat. 14-72.1(a) (1986) which states:

> Whosoever, without authority, willfully conceals the goods or merchandise of any store, not theretofore purchased by such person, while still upon the premise of the store, shall be guilty of a misdemeanor . . . .

In other words, this statute makes willful concealment of merchandise an essential element of the offense created. *See State v. Hales,* 256 N.C. 27, 33, 122 S.E. 2d 768, 773 (1976).

[1] At trial, the State presented three witnesses who testified that the defendant placed merchandise belonging to Maxway in or on her purse. The State's second witness, Barbara Wentler, was allowed, over objection, to characterize defendant's activities in the store as "concealing" merchandise. Defendant argues that

Wentler's reference to "concealing" constituted an impermissible opinion on the ultimate issue to be decided by the jury.

In a similar case, *State v. Chambers*, 52 N.C. App. 713, 718, 280 S.E. 2d 175, 178 (1981), defendant objected to a witness' description of his work duties " 'at the time when the breaking and entering started.' " As in the case at bar, the defendant in *Chambers* contended that the witness' statement constituted an impermissible opinion on the ultimate issue of the case. This Court held in *Chambers* that the "witness' use of the term 'breaking and entering' was clearly a convenient shorthand term to describe what he was doing at the time defendant was found . . . and was not meant to constitute an opinion on a question of law." *Id.*

Likewise, Ms. Wentler was using the term "concealed" merely to describe, in a shorthand form, the actions she observed defendant make. On cross-examination Ms. Wentler admitted that by using the term "concealing," she meant that she observed defendant putting items in her pocketbook. Thus, we find the *Chambers* case persuasive in the case *sub judice* and hold that no error was committed. *See* N.C. Gen. Stat. Sec. 8C-1, Rule 701, Official Commentary (Supp. 1985) ("Nothing in [Rule 701] would bar evidence that is commonly referred to as a shorthand statement of fact."). *See also State v. Smith*, 300 N.C. 71, 77, 265 S.E. 2d 164, 168 (1980).

[2]   There are four elements to the offense created by G.S. 14-72.1. To be guilty, it must be proven that: (1) a person without authority, (2) willfully concealed store merchandise, (3) not purchased by that person, (4) while still upon the premises. *State v. Hales*, 256 N.C. at 33, 122 S.E. 2d at 773; *State v. Watts*, 31 N.C. App. 513, 513-14, 229 S.E. 2d 715, 716 (1976). Defendant contends that there was insufficient evidence to show concealment, and therefore, the trial court improperly denied defendant's motion to dismiss. We disagree.

In ruling on a sufficiency of the evidence question, the evidence is to be considered in the light most favorable to the State. *State v. Smith*, 300 N.C. at 78, 265 S.E. 2d at 169. This means that the State is entitled to every reasonable inference to be drawn from the evidence. Any contradictions or discrepancies are to be resolved in favor of the State and do not warrant dis-

missal. *Id.* To withstand the motion to dismiss, substantial evidence of all material elements of the offense must be present. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 78-79, 265 S.E. 2d at 169.

Defendant argues that neither of the Maxway clerks testified that defendant's purse was closed or that the shirts were hidden from view at all times. Further, the arresting officer testified that defendant's purse was not closed and that the shirts "were just sat down on top" of it. Thus, according to defendant, the element of concealment was not established.

While the arresting officer did testify that the shirts were "sat down on top," he also testified that the defendant, in his presence, pulled three shirts out of a large purse. He further testified that the shirts were rolled up inside the purse. Ms. Wentler specifically testified that the defendant, when confronted by the officer, opened her handbag and took out three shirts. Both Ms. Jones and Ms. Wentler had testified that they observed the defendant take the shirts from their hangers, roll them up, and place them in her pocketbook which was positioned on the floor. Therefore, the arresting officer's testimony, that the shirts "were just sat down on top," is at most a contradiction or discrepancy to be resolved ultimately by the jury. The trial court's denial of defendant's motion to dismiss was, therefore, correct. *See State v. Watts*, 31 N.C. App. at 515, 299 S.E. 2d at 717 (upholding trial court's denial of motion to dismiss where there was contradictory evidence on the issue of concealment).

[3] The final issue in the case at bar is whether the trial court properly brought the jury back in to give complete instructions on defendant's decision not to testify. The defendant essentially concedes in her brief that the language of the trial judge's corrected charge was accurate but maintains that the manner and context in which it was given was objectionable. After a thorough review of the record, we find that defendant failed to meet her burden of showing prejudicial error as required by N.C. Gen. Stat. Sec. 15A-1443(a) (1983).

For the reasons set forth above, defendant's conviction is affirmed.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.